# Brennan *v.* Carl Vogt & Son.

| 97 · 647 |
| 106 · 635 |

*Action against Endorser of Promissory Note Payable in Bank.*

1. *Judicial notice of days of the month.*—Courts take judicial notice of the coincidence of the days of the week and month, and therefore that the 3rd day of August, 1890, was Sunday.

2. *Protest when note payable on Sunday.*—The demand for payment and the protest of a note payable on Sunday were properly made on the succeeding day.

3. *Personal notice of protest; when unnecessary.*—When the indorser resides at the place of protest which is a city having 10,000 or more inhabitants or a free postal delivery, notice of protest may be sent through the mail, properly addressed, postage pre-paid.

4. *Certificate of protest prima facie evidence.*—The certificate of the notary public of the demand and protest under his hand and seal of office, is *prima facie* evidence of the truth of the facts certified to, which are required to be set forth by section 1110 of the Code.

5. *Specific objection to evidence must be assigned.*—A general objection to the note and certificate of protest offered in evidence, is properly overruled, because no specific objection is pointed out, and also because they are legal evidence.

APPEAL from Jefferson Circuit Court.

Tried before Hon. JAMES B. HEAD.

Action by payee of a promissory note payable on 31 day of July, 1890, at a bank against the endorser. On the trial the defendant objected to the introduction in evidence of the note and the certificate of protest, but assigned no specific ground of objection.

J. M. MARTIN, and CARL GANTZHORN, for appellant, insisted that the protest was made one day too late, citing *Donegan v. Wood,* 49 Ala. 252; *Brown v. Turner,* 11 Ala. 752; *Bradley v. Bank,* 60 Ala. 252; that the certificate of the notary is insufficient to charge indorser, *Rives v. Parmley,* 18 Ala. 256; *Bank v. Marston,* 7 Ala. 108; *John v. Bank,* 57 Ala. 96.

MOUNTJOY & TOMLINSON, for appellee, cited 1 Greenleaf on Ev. Chap. 2, Sec. 5; Code, §§ 1110, 1759; 2 Dan. Neg. Inst. 926; *Bank v. Smith,* 11 Wheat. 171; *Dryer v. Lewis,* 57 Ala. 551; *Ib.* 113.

COLEMAN, J.—The defendant, Brennan was sued as an indorser, of a promissory note payable in bank. His liability must be determined by the commercial law.

The case was tried by the court without the intervention of a jury, and judgment rendered for the plaintiff. The note was dated February 20, 1890, and made payable on July 31st after date. The certificate of protest shows that demand was made at the bank where the note was made payable on the 4th of August after date. and notice of protest mailed to the indorser on the same date, directed to him at Birmingham, Ala.

The first contention is, that the demand and protest should have been made on the 3rd of August. This court will take judicial notice that the 3rd of August was Sunday. The demand for payment and protest were properly made on the succeeding day.—*Bradley v. Northern Bank of Ala.*, 60 Ala. 258; Code, § 1759. There is nothing in this point.

The next question of contention is that the certificate of protest shows that notice was sent by mail to the indorser and not given in person, and that it does not show that the indorser was sought for at his place of business, or at his residence, for the purpose of giving such notice. The case of *John v. City National Bank of Selma*, 62 Ala. 534, is cited to sustain the proposition.

If the law at present was the same as when the decision in the case cited was rendered, the authority would be in point. It was provided in the act of December 10, 1878, p. 172, now incorporated into the Code as section 1777, that "If the party to be charged reside at the place of protest, and if it be a town or city having ten thousand or more inhabitants, or in which there is a free postal delivery of the mail, notice of protest may be be given through the mail, the postage being prepaid."

The evidence shows that Birmingham was a city with more than ten thousand inhabitants, having a free postal delivery of the mail. There is no question that under section 1776. the notice was addressed to the proper post-office. Section 1110 of the Code makes the certificate of a notary public, under his hand and seal of office, evidence of the demand for payment, of the notice of protest and the mode of giving the same. Such evidence may not be conclusive, but it is at least *prima facie* of the truth of the facts certified to, provided for in the statute.

The certificate of the notary, gives the number of notices mailed, to whom and where addressed, and contains a charge of eight cents for postage. The defendant introduced no

[Howle v. Edwards.]

evidence. We are of opinion the evidence is sufficient, to sustain the conclusion reached by the trial court.

The objection to the introduction of the note and certificate of protest was not well taken, and was properly overruled. First, because the evidence was legal, and second, because the objection was too general.—*Johnson v. Beard,* 93 Ala. 96; *Bell v. Kendall, Ib.* 489.

Affirmed.