# Williams *et al.* v. Gallyon *et al.*

### *Action to Enforce Materialman's Lien.*

1. *General objection to evidence.*—A general objection to evidence is properly overruled.

2. *Liability of drawee on unaccepted order.*—Where the plaintiff presented an order to defendants for payment or acceptance. and the defendants denied owing the drawer the amount specified, but admitted a less indebtedness which they agreed to pay the drawer, when the money was due, and retained the order with the plaintiff's acquiescence, and afterwards wrote to plaintiffs that they would pay them "what might become due to the drawer;" defendants did not thereby accept the order or become liable thereon —nor were they liable on their promise beyond such amount as might become due from them to the drawer of the order—and this whether the facts applicable to the order are controlled by the statutes of this state or otherwise.

APPEAL from the District Court of Colbert.
Tried before the Hon. W. P. CHITWOOD.

J. B. MOORE, for the appellants.—The evidence shows that on the 5th, February 1891, appellants through E. J. Davis presented to Gallyon and Son an order drawn on them by Banks in favor of Appellants for $2,654.94. This order Gallyon and Son after telling Davis that they owed Banks $500 or $600, they put in their safe and kept it for over 2 years. In fact they orally accepted it.—

[Williams *et al.* v. Gallyon *et al.*]

*Auerbach v. Pritchett*, 58 Ala. 457.

Retention of the order was an acceptance. Code section 1770; Story on Bills, section 246. 1 Brick. Dig. 17 section 13. 3 Brick. Dig. 6, section 5. Every defence that Gallyon and Son set up in the Court below occurred long before their acceptance of Banks' order in favor Appellants: they are clearly estopped, from setting up such defense. They well knew of all their previous transactions with Banks and the Southern Cornice Works, at the time the order was presented 5th, February 1891. They are estopped on the principle settled in *Wilkerson v. Searcy*. 74 Ala. 243. *Auerbach v. Pritchett* 58 Ala. 451. The evidence shows that appellants relied on the payment of their debt by Gallyon and son—this reliance induced by their action with reference to said order. If they are to lose their debt, the loss is caused by the action of Gallyon and Son, who should bear the loss instead of appellants. 3 Brick, Dig., p. 448—sections 30-31. The acts and declarations of Gallyon and Son should be conclusive on them; 3 Brick. Dig., 448, section 33.—*McCraney v. Remson*, 19 Ala.

The court below clearly erred in admitting as evidence the letter of Banks to Gallyon and Son, of May 17th, 1890. The letters of Gallyon and Son to appellants dated respectively the 7th February and 14th May, 1891—were each irrelevant and inadmissible. The judgment on the facts of this cause, should have been for appellants in the court below.

THOMAS G. JONES and JACKSON & SAWTELL, for the appellee.—Gallyon testified, and his testimony is not contradicted, that he had paid Banks in full at the time the order was given to Williams & Co, and had in fact overpaid him; and that nothing ever became due him afterwards, or was ever paid him afterwards.

As Williams & Co. were mere assignees of the claim of Banks or that of the Cornice Co. and as Gallyon & Son only promised to pay what might be due, it follows inevitably if nothing was due that Williams & Co. have no claim. The question was did Gallyon & Son owe Banks or the Cornice Co. anything? If they did not, that was the end of Williams & Co's claim, who were merely assignees of whatever might be due Banks or the Cornice Co. A retention of the order by Gallyon

[Williams *et al.* v. Gallyon *et al.*]

& Son did not amount to an acceptance. The paper was not a bill of exchange; was not an order for any specific sum, and was not unconditional. It does not, therefore, fall within the influence of section 1770, or of *Auerbach v. Pritchett*, 58 Ala. p, 470. No estoppel arises in the case, because the promise was only to pay what might be or become due. If nothing was due the promise was not broken. There is no element of estoppel on the facts, and the judgment should be affirmed. On the facts, Williams & Co. took the order as a mere collateral security for Bank's debt. It does not appear that Banks was released by the acceptance of the order or that Williams & Co. were in anywise tied up thereby from proceeding against Banks. If under the circumstances Williams & Co. chose to look to Gallyon & Son, and failed to proceed against Banks, it is only their fault or negligence. Such negligence can not be the foundation for an estoppel against Gallyon & Son.

The testimony clearly supports the judgment—It will not be reversed unless manifestly wrong.

COLEMAN, J.—The appellants instituted proceedings to recover a judgment against Gallyon & Son, and to enforce a material-man's lien for slating furnished to roof certain property described in the complaint, belonging to the Memphis & Charleston Railroad Company. No others are parties defendant to the suit. The case was tried by the court without a jury and judgment rendered for the defendants. We will first consider the liability of Gallyon & Son to the plaintiffs. It appears from the evidence that Gallyon & Son contracted with the Railroad Company "to put up the building;" that the Railroad Company contracted with the Cornice Company to furnish "the slate necessary to cover the shops and houses," and that the Cornice Company, through J. C. Banks, its manager, contracted with the plaintiffs who owned a slate quarry in Virginia to furnish the slate for roofing. Under this arrangement the slate was furnished during the year 1890. On the 19th of January, 1891, J. C. Banks, as manager of the Cornice Company "drew an order payable to plaintiff on J. A. Gallyon & Son, contractors, for the sum of $2,654.94." The bill of exceptions states that this order was given "in payment of the balance

[Williams *et al.* v. Gallyon *et al.*]

for said slate roofing." The order was sent to one E. J. Davis at Knoxville, Tenn., where Gallyon & Son resided, "to be presented for acceptance or payment or refusal to pay." The liability of Gallyon & Son, if such exists, grew out of their agreement and conduct with reference to this order, when presented by Davis, as the agent of plaintiffs, for acceptance or payment, or refusal to pay. The order itself is not copied in the record, and we are left to determine its character and legal effect from parol evidence admitted without objection. Davis testifies that "he took the order to the office of Gallyon & Son, that Gallyon said he did not owe Banks, that amount of money at that time, he thought he did owe him between five and six hundred dollars. He took the order and put it in his safe, and has never returned it, said he did not think he owed more than five or six hundred dollars, said he would pay it when the money was due to Banks; told his son not to pay Banks any more money." There is no evidence to show that Gallyon & Son were ever requested to return the order to Davis or to plaintiffs, or that it was retained against their consent. The foregoing statement is substantially the testimony of Davis. J. A. Gallyon testified, that his contract to furnish the roofing was with J. C. Banks, manager of the cornice works; that he did not know Williams & Co. in the transaction; that about the 5th or 7th of February, 1891, he received from J. C. Banks, as manager, through E. J. Davis, an order in favor of Williams & Co. in the following words:

"CHATTANOOGA, TENN., Jan. 19th, 1891.

"J. A. GALLYON & SON,
        "Knoxville, Tenn.

"GENTLEMEN :—We hereby authorize and request the payment of any and all money to Jno. R. Williams & Co. that may hereafter become due us for slate work on the Sheffield Railroad shops, until their claim of twenty-six hundred and fifty-four and 94–100 dollars is paid for and receipt for same is in our possession, and shall be shown you by us, as they Jno. R. Williams & Co. notify you that their claim has been paid and charge same to us and oblige.

"[SIGNED.]        Southern Cornice Works,
                        "By J. C. BANKS."

The plaintiff objected to the introduction of this let-

ter, but upon what grounds is not stated. The plaintiff also objected, without stating any grounds of objection, to the introduction of the following letter written by Gallyon & Son to plaintiffs :

"KNOXVILLE, TENN., Feb. 7th, 1891.

"J. R. WILLIAMS & Co :

"GENTS :—We are in receipt of an order from J. C. Banks, manager Southern Cornice Works, asking us to pay what we may become due to him to you, which we agree to do until ordered otherwise by you.

"[SIGNED.]  J. A. GALLYON & SON."

The order of the Southern Cornice Works bears the same date as the order testified to by plaintiffs, delivered at the same time and by the same person, the agent for plaintiffs. The letter bears date the same time as the presentation of the order, and refers to it. The court did not err in overruling a mere general objection to the introduction of the evidence. Gallyon further testified that he told Davis that he thought he owed Banks (manager) five or six hundred dollars. That upon examination of the accounts and payments made to the Cornice Company, he ascertained that he did not owe the Cornice Company any amount, and in fact had overpaid them, and that on the 14th of May, 1891, he notified Williams & Co. by letter that there was nothing due them. He further testified, that nothing ever became due or owing the Cornice Company subsequently. There is no evidence that plaintiffs sold or shipped any roofing after the 5th or 7th of February, the date of the presentation of the order by Davis to Gallyon & Son.

We have stated substantially all the evidence which bears upon the issue of the liability of Gallyon & Son. Our conclusion is the same as that reached by the trial court. Gallyon & Son did not bind themselves unconditionally to pay the amount of the order ; that the retention of the order was with the acquiescence and consent of plaintiffs, with the understanding that they were to pay plaintiffs such amounts as might be owing or become payable to the Cornice Company on its contract to furnish the roofing, and that nothing thereafter became due. This result follows, whether the facts applicable to the order are controlled by the statutes of this State or otherwise.—*Auerbach v. Pritchett*, 58 Ala. 451 ; *Anderson v. Jones*, 102 Ala. 537 ; Code, §§ 1766, 1770. The

[The State *ex rel.* &c. v Rogers *et al.*]

plaintiffs not being entitled to recover a judgment against Gallyon & Son, there was no basis to enforce a material man's lien upon the buildings or land described in the complaint. We would not be understood as holding, that plaintiff's statement was filed within the time prescribed by statute to entitle them to a lien, but under the view taken of the evidence, it is unnecessary to consider this question.

Affirmed.