E. MERRIMAN v. GREAT NORTHERN EXPRESS COMPANY.[1]

January 28, 1896.

Nos. 9682—(264).

**Statutes—Repeal—Catching Fish.**

*Held,* Sp. Laws 1889, c. 477, prohibiting the catching of fish in Hennepin county during certain periods of the year, was modified by Laws 1891, c. 9, § 18; and repealed by implication by Laws 1893, c. 124, so far as inconsistent with the latter law.

**Powers of Game Warden—Liability of Carrier.**

In the month of May, 1895, plaintiff caught in Lake Minnetonka, and shipped by a common carrier to Minneapolis, a quantity of fish, where they were seized by a game warden. *Held,* the taking of the fish being allowed by law, the game warden had neither legal right, nor apparent legal right, to seize the fish, and the common carrier is liable to plaintiff for the value of the same.

Appeal by defendant from a judgment of the municipal court of Minneapolis, in favor of plaintiff for $36.90, entered in pursuance of the findings and order of W. A. Kerr, J.   Affirmed.

*Wm. Ely Bramhall,* for appellant.

*A. L. Brice,* for respondent.

CANTY, J.   In the month of May, 1895, plaintiff caught a quantity of fish in Lake Minnetonka, in Hennepin county in this state, and during that month shipped the fish to Minneapolis by the defendant express company.   When the fish arrived in Minneapolis, they were seized by one of the game wardens of this state, and taken from the express company, under the claim that the fish were illegally caught, and that under the law he was entitled to seize them.   This action is brought against the express company, to recover the value of the fish, on the claim that the seizure from it was wrongful, and, as a common carrier, it must account for the fish.   The court below found for plaintiff, and from the judgment entered in his favor defendant appeals.

Under the general law, the closed season, as against fishing in Minnesota lakes, extends only to May 1 in each year.   Laws 1895,

[1] Reported in 65 N. W. 1080.

c. 115, § 8. It is claimed by respondent that this is the only law in force applicable to the case, while it is claimed by appellant that Sp. Laws 1889, c. 477, is still in force. Section 1 of that act provided "that it shall be unlawful for any person or persons to take, catch, kill or destroy in any manner whatever any fish in the waters of any lake or its inlets or outlets, or in any river, creek or stream in Hennepin county, Minnesota, between the first day of December and the first day of the following June." This act contained a penalty for the violation of this section.

It is claimed by respondent that this section was repealed by Laws 1891, c. 9, § 18, which reads as follows: "No person shall catch, kill or take by any means, contrivance or device whatever, any fish from any of the lakes, ponds, rivers or streams in any of the counties of the state of Minnesota, in which the taking of fish is now regulated by law, save only during the periods within which and by such means as the taking of such fish is now allowed by law. No person shall catch, kill or take by any means, contrivance or device whatever, any fish from any of the lakes, ponds, rivers or streams in any of the counties of the state of Minnesota not included within the preceding part of this section, save only between the first day of May and the first day of March, and then only by taking the same by hook and line or spear." This section contains a more severe penalty for its violation than did the special law of 1889. Again, said section 18 was amended by Laws 1893, c. 124, § 16 (G. S. 1894, § 2166), which provides "that section 18 of said chapter [9, Laws 1891] be amended so as to read as follows." Then the amended section [2] proceeds to prohibit the catching of fish within 400 feet of any fish-way, and to provide a penalty for so doing, and wholly fails to re-enact any part of the original section 18, which must therefore be held to be repealed.

Then we have this condition of things: A large number of prior special laws of this state, prohibiting the catching of fish, were expressly reaffirmed, and a uniform penalty provided for their enforcement, by a section of the general law of 1891, which section was in turn repealed by the law of 1893. The law of 1891 perhaps had the effect of repealing the penalty attached to the special law

[2] G. S. 1894, § 2166.

of 1889, but did not, as contended by respondent and held by the court below, have the effect of totally repealing that law. Instead of repealing this special law, the general law of 1891 expressly recognized it as being in force, and provided other penalties for its violation. Repeals by implication are not favored, especially the repeal of a special law by a subsequent general law, and the only effect of the general law upon the special law was to substitute a new penalty for its enforcement. But the repeal of section 18 of the general law of 1891 repealed this new penalty.

If the legislature had stopped at this, there might still be something left of the special law, but they did not. Section 6 of the law of 1891 provides: "No person shall at any time acquire any property in any game or fish within the state of Minnesota, or subject any of the same to his own dominion or control, save only by killing the same within the periods and by the means permitted by the laws of the state, and except as permitted by such laws, the game and fish within the state be and remain the property of the state." By section 4 of the law of 1893 this provision was made to read as follows: "No person shall at any time or in any manner acquire any property in, or subject to his dominion or control any of the birds, animals or fish within this state, of the kinds herein mentioned, but they shall always and under all circumstances and conditions be and remain the sole property of this state. By killing, catching or taking the same, however, in the manner and for the purposes herein authorized, and during the periods when their killing is not herein prohibited, the same may be used at the time, in the manner and for the purposes herein expressly authorized, but not otherwise." [3]

Then by the law of 1893 we have two amendments to the law of 1891, one of which, ex industria, repeals all penalties for the enforcement of the special laws, and the other, ex industria, removes the provision preventing the person taking fish in violation of any special law from obtaining a right to such fish, and confers such right in all cases where the fish are not taken in violation of the law of 1891 as amended by the law of 1893. The law of 1891 plainly intended to preserve and enforce the special laws prohibiting

[3] G. S. 1894, § 2153.

63 M.—35

the taking of fish, but, on the contrary, the changes wrought by the amendments of 1893 disclose a deliberate intent on the part of the legislature to destroy the force and effect of these special laws.

Ordinarily, in passing a general law, the legislature is not supposed to have a special law in its mind, and therefore to have no intention of repealing it. But in this instance it is very plain that the legislature had those special laws in mind, and intended to destroy their force and effect. We must therefore hold that the special law of 1889 is inconsistent with the law of 1893, and, so far as inconsistent, is repealed by implication by the latter law, and that the fish were rightfully taken, and became the property of the plaintiff.

2. This being so, the game warden took the fish without either legal right or apparent legal right, and the common carrier is not excused, by reason of such wrongful taking, from delivering them to plaintiff. Hutchinson, Carriers, § 400. This disposes of the case.

Judgment affirmed.