# Nichols *v.* Rasch.

*Action for Breach of Contract.*

1. *Damages for breach of contract ot deliver timber.*—In an action to recover damages for the breach of a contract for failure to deliver certain specified timber, as required by a contract, a recovery can not be had for the profits lost by the plaintiff's failure to complete contracts with other persons for shingles, which were to be made from the timber furnished, by reason of delay in the delivery of such umber, if it is not alleged that the defendant had knowledge of such contracts; and such profits are also too speculative and conjectural to form an element of recoverable damage.

2. *Action for breach of contract to deliver timber; sufficiency of complaint.*—In an action to recover damages for the breach of a contract, which stipulated that the defendant was to furnish the plaintiff with a certain quantity of timber to be used by the plaintiff in the manufacture of shingies, a complaint which seeks to recover as special damages the profits which the plaintiff lost by failure to complete contracts with other persons for shingles, which failure was caused by a delay on the part of the defendant in delivering the timber as contracted for, but which fails to allege that the defendant had knowledge of such contracts, is insufficient to state a cause of action and is subject to demurrer.

3. *Pleading and practice; effect of joinder of issue upon plea.* Where issue is joined upon a plea filed by the defendant in bar of the plaintiff's right of recovery and the plea is sustained by proof, the defendant is entitled to a verdict and judgment in his favor, although the plea, if demurred to, may have been declared insufficient.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. E. B. ALMON.

This action was brought by the appellant, Joseph Nichols, against Ed. Rasch to recover damages for the alleged breach of a contract. As originally filed the complaint contained two counts. In the first count of the complaint the claim of damages is general for $2,-

000 for the breach of a contract entered into between the plaintiff and the defendant, whereby the defendant agreed to deliver to the plaintiff 400 cords of chestnut wood to be used in making shingles, and which the defendant failed to do.

In the second count of the complaint, the plaintiff claims $2,000 for the breach of a contract entered into between the plaintiff and the defendant which is set out *in haec verba* in this count of the complaint. This contract is also copied in the opinion. After setting out said contract, the second count continued as follows: "Plaintiff further says that he has complied with said contract fully on his part, but the defendant has wholly failed and refused to comply by failing to furnish the 400 cords of chestnut agreed on at the rate of sixty cords per month, but furnished to the 7th day of August only 108 cords; that plaintiff was under contract, which fact was known to defendant, with N. C. Elting to furnish 100,000 shingles at $3.00 per M.; and Mr. Mading 45,000 at $3.00 per M.; and with J. W. Spain 45,000 at $3.00 per M., besides numerous other parties; that he was unable to procure the timber in the market to fill these various contracts, and was compelled to cancel the contracts; that plaintiff had a regular market for the entire product of his mill at $3.00 for first class and $2.65 for second class and $2.25 for third class, all of which he sold and was compelled to abandon to his damage $2,000 as before stated.

There were demurrers interposed to the original complaint. The demurrers set out in the record are directed solely to the first count of the complaint, but the judgment entry recites that certain of the grounds of demurrer as to the second count were sustained.

The plaintiff amended the complaint by adding two additional counts. In the third count, the contract alleged to have been breached is set out *in haec verba,* and the substance of the breach complained of is sufficiently set forth in the opinion.

The fourth count of the complaint, after setting out the contract for the breach of which the suit was brought, then continues as follows: "Plaintiff alleges that he has fully complied with said contract on his

part, but that the defendant has wholly failed and refused to comply by failing to furnish the 400 cords of chestnut agreed on at the rate of sixty cords per month, but furnished to the 1st of August only 108 cords; that the plaintiff was under contract during the months of May and June with N. C. Elting to furnish 100,000 shingles, the product of his mill, with Jno. Mading and J. W. Spain to each 45,000 shingles, the product of his mill, at the price of $3.00 per M., and that he so informed the defendant; that said defendant failed and refused to furnish the said chestnut bolts, and the plaintiff was unable to procure the timber in the market to enable him to fill the said contracts, and was compelled to cancel the same; that plaintiff had numerous other small contracts to deliver shingles, the product of his mill, at the same price, which he was compelled to cancel and did cancel to his damage as aforesaid in the sum of two thousand dollars."

The defendant demurred to the third and fourth counts of the complaint upon the grounds that the damages claimed in said counts were speculative, contingent and conjectural, and that it was not alleged in either of said counts, that at the time of entering into the contract the plaintiff had any notice or knowledge of the several contracts mentioned in said counts, and that, therefore, the damages claimed are not the natural and proximate result of the breaches complained of.    The demurrers to the third and fourth counts of the complaint were sustained.    Thereupon the defendant pleaded the general issue and several special pleas.    In the special pleas it was averred that the defendant furnished the plaintiff the amount of timber stipulated for in the contract up to the time the plaintiff requested the defendant to only supply him with enough timber, which he could cut up into shingles, and in accordance with said request, the defendant only furnished the timber as subsequently requested by the plaintiff, and further that the plaintiff had failed to comply with his part of the contract, in that he had failed to pay the defendant on the first day of every month for the timber which had been supplied to him in the preceding month.

[Nichols v. Rasch.]

Under the opinion on the present appeal it is unnecessary to set out the facts of the case in detail.

The cause was tried by the court without the intervention of a jury, and upon the introduction of all the evidence, the court rendered judgment for the defendant. From this judgment the plaintiff appeals, and assigns as error the rulings of the court upon the demurrers to the complaint, and the rendition of judgment in favor of the defendant.

PAUL HODGES, for appellant.

EMMET O'NEAL, contra.—The court did not err in sustaining the demurrers to the complaint.—Bell v. Reynolds, 78 Ala. 513; Daughtery v. Amer. Un. Tel. Co., 75 Ala. 168; Rose v. Bozeman, 41 Ala. 678; 2 Amer. & Eng. Ency. Law (2d ed.), 585, 586.

SHARPE, J.—Nichols sues Rasch for an alleged breach of contract which is as follows: "This contract made and entered into by and between Joe Nichols and Ed. Rasch, Witnesseth, Rasch sells to Nicholas one 1020 Adams engine now in Colbert county near Smithsonia. The boiler to be delivered in Florence. For all of which Nichols agrees to pay two hundred and forty dollars, to be paid forty dollars in cash, and balance in monthly installments of $35.00 each, to be paid on the first day of each month, beginning January 1st, 1900. Rasch retains the title to said boiler and engine until they are paid for in full. Nichols agrees to set up a shingle mill on a site to be furnished by Rasch convenient to a good permanent supply of water. Rasch sells to Nichols 400 cords of chestnut, suitable for making shingles of good merchantable quality, the wood to be cut 4 feet 3 inches, sticks 8 in. to 11 in. in diameter to be left round, sticks 11 to 14 in. in diameter to halved, sticks 14 in. and upwards in diameter to be split into good large bolts suitable for making shingles; Rasch to deliver said material on the mill yard at the rate of 60 cords per month. Nichols agrees to cut that amount per month. Nichols agrees to pay $1.85 per cord, settlements to be made on the 1st of each month. Rasch agrees to begin deliver-

ing said material by December 1st, 1899, or earlier if Nichols gets his mill ready for operation. Signed in duplicate the .. day of November, 1899. The timber is to be 2-3 clear and 1-3 defected by worm holes, knots, small limbs, etc. I agree to furnish Rasch 5,000 No. 2 shingles for each 100 cords of timber delivered, making it 20,000 shingles.

Jos. A. Nichols.<br>Ed. Rasch."

The breach complained of is a failure of defendant to furnish timber according to his undertaking. In the first count of the complaint the claim of damages is general. In the second and fourth counts the claim is confined to damages alleged to have resulted from plaintiff's inability, produced by lack of timber, to fulfill certain contracts with third persons for the sale to them of shingles. In these counts there are averments to show that the fact that plaintiff was under these contracts was known to defendant, but whether he had such knowledge when he made the contract with plaintiff is not averred. In the third count it is alleged in substance that the defendant was aware in the making of the contract, that the purpose of the same was to supply plaintiff's shingle mill continuously with timber for use in making shingles, that other timber was not accessible to the mill, that defendant's promises to perform his part of the contract, kept plaintiff waiting, and his mill, teams and men unemployed, that plaintiff had a regular market for the product of his mill at a price averred, and that by reason of defendant's failure to supply timber and plaintiff's inability to procure other material "he lost the profits on said timber, the sum of two thousand dollars which he claims as damages." If either of these counts should be considered as embodying a claim for general or nominal damages the same might be further considered as showing a cause of action, and as not being open to objection by demurrer; but the entire claim in each of them being explicitly averred to have arisen from special matters, no room is left for presuming thereunder the existence of damages from other

sources. The special matters so averred as involving injury are such only as go to show a loss of profits anticipated from the operation of the shingle mill; the stopping of the mill, men and teams being stated in count three as a mere circumstance attendant upon the non-delivery of timber, and not as the basis of the claim of damages. Ordinarily, a loss of profits resulting proximately from a breach of contract when it is such as can be definitely ascertained by proof and which the parties in the formation of the contract must have contemplated would flow from its breach, may be recovered in an action for the breach, but the profits which were merely possible or probable of accretion from the business in which the defendant was engaged, were in large measure speculative, subject to contingencies, and incapable of being proved with the degree of certainty which the law requires to constitute recoverable damages.—*Moulthrop v. Hyatt,* 105 Ala. 493; *Reed Lumber Co. v. Lewis,* 94 Ala. 626; *Watson v. Kirby,* 112 Ala. 406. This is so even where within the knowledge of defendant contracts have been made for a sale by the plaintiff of his products, for what profits would be made from such collateral contracts would still be dependent upon contingencies which the parties could not have foreseen or contemplated in advance.—*Reed Lumber Co. v. Lewis, supra.* The foregoing shows the demurrers to counts 2, 3, and 4 were properly sustained. The record fails to show any demurrer directed specially to count 2, but error is assigned as upon a ruling in such a demurrer; and as seems to have been done in the trial court, we have treated a demurrer which purports to have been interposed to "the amended complaint" as being addressed to the first amendment which consisted alone of the second count.

We interpret the agreement for "settlement to be made on the first day of each month" as intended to provide for payment to be made on the first day of each month for the timber delivered under the contract during the next previous month. In this construction we are aided by the evidence which shows that some payments were made on timber delivered in partial compliance with the contract and which in this and in other phases

shows that the parties did not understand the timber should be all delivered before any payment should be due.   No different construction is here contended for. One plea is, without more, "that plaintiff did not comply with said contract on his part by paying defendant the amount due under said contract for said timber delivered."   To this plea there was no demurrer, and no replication setting up any waiver on defendant's part of prompt payment, or other matters in avoidance of the plea, but issue was joined thereon, and this with other issues was tried without a jury.   The evidence shows that from time to time defendant delivered timber under the contract and that from time to time plaintiff made payments which defendant, as he had the right to do, applied in part on the price of the engine and boiler, mentioned in the contract and in part on timber other than that mentioned, and that such application of payments left plaintiff owing, at the time of the trial, for timber delivered under the contract, the sum of $71.65.   This evidence sustained the plea and authorized the judgment for defendant; the rule being that the proving of a plea entitles the defendant to have the issue thereon found in his favor, and judgment rendered accordingly, regardless of the merits of the plea.—*Gerald v. Tunstall*, 109 Ala. 567; *Williams v. McKissack*, 125 Ala. 544; *Glass v. Meyer*, 124 Ala. 332.

There is nothing in the record which makes it necessary to consider whether the stipulations for the delivery of timber and that of making monthly settlement were dependent or independent.

Affirmed.