# Alabama Chemical Co. *v.* Geiss.

*Action to Recover Price of Lumber Sold.*

1. *Contracts; damages for breach; measure of, for failure to deliver lumber sold.*—The measure of damages for failure to deliver

[Alabama Chemical Co. v. Geiss.]

lumber, to be used in the erection of a plant for manufacturing purposes, is the difference between the agreed price and the price at which similar lumber could be purchased in the market; and the purchaser cannot recover any loss arising because he had to release his contractor from a forfeiture for not completing the building within a certain time, or from a failure to realize profits, or interest, on the investment; such damages are not within the contemplation of the parties and are too remote.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action brought, on the 16th day of April, 1904, by Joseph Geiss, doing business as the Alabama Lumber Company, appellee, against the Alabama Chemical Company, appellant, for $1,133.48 and interest, price of lumber and building material sold on the 1st day of January, 1904, by plaintiff to defendant.

The defendant pleaded the general issue and a special plea of set-off, in substance, as follows: That, at the time of the bringing of the action, plaintiff was indebted to defendant in the sum of $2,000.00, for that, after defendant entered into a contract with plaintiff by which plaintiff was to deliver defendant certain lumber in the city of Montgomery, to be used by defendant for the erection of its fertilizer plant, defendant on the following day contracted with other persons for the erection of said plant, and that it was known to plaintiff, at the time the lumber was purchased, that it was to be used for the erection of said plant, and that defendant contemplated contracting with other persons for the erection thereof; that plaintiff agreed to deliver the lumber at the rate of twelve cars a week, which he failed to do, and that, upon such failure, he was notified that the defendant's contractors had quit work on account of not having the lumber, and that defendant would go into the market and buy the necessary lumber and charge plaintiff with the difference in price, and that plaintiff requested defendant not to do so, that he would speedily deliver the lumber, and that, relying upon such statement and request, defendant did not purchase the lumber in the market; that it was impossible to obtain lumber of the size and character contracted for in the city of Montgomery, and that it

would have taken some time to have obtained it from a distance. That, by reason of the delay, defendant had to excuse its contractor from a forfeiture of $25.00 *per diem* for forty days for failure to complete the plant within a certain time, and was thereby prevented from manufacturing fertilizer for six weeks, and was greatly hindered in the prosecution of its business and earning interest on amount, $100,000.00, invested in said business.

The plaintiff demurred to the special plea on the ground that the damages claimed were remote, speculative and contingent, and not within the contemplation of the parties. The court sustained the demurrer. Whereupon trial was had upon the plea of the general issue, and judgment rendered for the plaintiff for $970.58. The defendant appeals and assigns as error the ruling of the court upon the demurrer, and the rendition of judgment in behalf of the plaintiff.

HORACE STRINGFELLOW, for appellant, cited.—*McFadden & Bros. v. Henderson,* 128 Ala. 221-235; *Watson v. Kirby,* 112 Ala. 436; *Graves v. Glass,* 86 Ia., 261; *Ford v. Refrigerator Co.,* 40 Ill. App. 222; *Nichols v. Rasch,* 138 Ala. 377.

RAY RUSHTON, *contra.*

SIMPSON, J.—The damages set forth in the plea of defendant in this case are speculative and too remote. The decisions of this Court have settled the proposition that, for the breach of a contract to sell and deliver personal property, the measure of damages is the difference between the agreed price and the price at which similar property could be purchased in the market, and that losses, sustained by the purchaser, by reason of his failure to realize profits on contracts which he entered into on the faith of receiving the personal property bought, are too remote, conjectural and speculative to be recovered.—*McFadden & Bro. v. Henderson,* 128 Ala. 223; *Watson v. Kirby,* 112 Ala. 436; *Nichols v. Rasch,* 138 Ala. 372.

It is true that there are some expressions in said cases which indicate that, under certain circumstances, a more liberal rule of damages may govern.

38

In the case of *Watson v. Kirby,* 112 Ala. 436, 445, in which recoupment was claimed for failure to deliver logs which had been purchased, the Court, holding that it was the duty of the defendants to go into the market and purchase other logs, and claim only the difference, "If it was practicable," goes on to state that, if the mill was forced to remain idle for ten days, the general profits for so short a time are too speculative.

In the case of *McFadden v. Henderson,* 128 Ala. 235, the Court does state, as counsel for appellant notes, that, where the purchaser cannot go into the market and purchase the goods, the reason of the rule ceases, but that does not mean that necessarily speculative damages must be allowed, but only that other means must be adopted for ascertaining what the actual damage was for the non-delivery of the goods. And again, in this case there is no allegation that the goods could not be obtained, but only that the plaintiff continued to assure the defendant that he would deliver the lumber, and defendant relied on it. The assurance that he would deliver was no more than a repetition of the original promise to deliver, and did not change the contract nor authorize any different measure of damages.

Appellant claims that this Court, in the case of *Nichols v. Rasch,* 138 Ala. 376, intimates that, if the stopping of the mules, men and teams, in that case, had been alleged as the basis of the claim for damages, the party could have recovered, and that the damages claimed by appellant in this case are analogous.

Even if this Court were bound by the intimation in that decision, which it is not, it may be remarked that the contract in that case was one in which one party sold a boiler, retaining the title until paid for, the other party agreed to set up a shingle mill, and the first party was to furnish the timber to run the machine, and the purchaser of the shingle mill was to furnish so many shingles to the first party, so that each stipulation was so connected with and dependent upon the other, that it might all be said to have been within the contemplation of the parties. While, in the case now before the Court, it was a simple sale of an ordinary article of trade, which the defendant expected to use in the building of a house, and defendant

claims that because "It was known to the plaintiff, at
the time said contract was entered into, that said lumber
was to be used for the erection of said plant; also that
defendant contemplated contracting with said other per-
sons for the erection of said plant," and because defend-
ant had to release his contractors from a forfeiture of
$25.00 per day for not completing the building, and be-
cause said contractors are now claiming $750.00 from de-
fendant, on account of delay in furnishing lumber.
Therefore the plaintiff should pay these damages and also
damage resulting from defendant having purchased a
large amount of material to be used in the manufacture
of fertilizers in said building, on the price of which he
has lost interest, altogether amounting to one hundred
thousand dollars.

In that case also, the damages mentioned were for the
use of the mules and other property while standing idle;
while here the claim is in part at least to reimburse de-
fendant on account of a contract which he made with his
builders.

On this subject of awarding damages on the breach of
a contract, beyond the amount herein first stated, it is
true that the decisions are not harmonious, and there is a
great lack of a clear statement as to just what damages
may be recovered and as to just what are "speculative."
It is clear that damages, to be recoverable must be the
natural and necessary consequence of the breach, and
must flow directly and naturally, and in the due course of
things, from the breach, and the expression is often used
that they must be such as were within the contemplation
of the parties.—Note to *Griffin v. Clover,* 69 Am. Dec.
424; 1 Sutherland on Damages (3rd ed.), p. 134 § 45,
p. 148 § 50, p. 156 § 52.

Where the courts have gone beyond the regular rule,
and allowed other damages which are the direct and cer-
tain result of the breach, it has been because, in those
cases, it has been supposed that those consequences were
within the contemplation of the parties, and it has some-
times been said that, if the contracting party knew the
purpose for which the article was being purchased, he
is liable for the consequential injury which occurs to the
purchaser on account of the failure to deliver it, but we

think this is too broad a statement of the rule. A mere seller of an article does not incur the same responsibility as one who manufactures an article for a particular purpose.—*Booher v. Goldsborough,* 44 Ind. 503. Mayne on Damages suggests that, in place of the third rule supposed to be laid down in the leading case of *Hadley v. Baxendall,* it should be stated "That where there are special circumstances connected with a contract which may cause special damages to follow if it is broken, mere notice of such circumstance given to one party will not render him liable for the special damages, unless it can be inferred from the whole transaction that he consented to become liable for such special damage."—See note 1, Sutherland on Damages (3rd ed.), p. 163.

And Mr. Sutherland says: "Doubtless it is essential, in order to bring within the contemplation of the parties, damages different from and larger in amount than those which usually ensue, that the special circumstances out of which they naturally proceed shall have been known to the party sought to be made liable in such a manner, at the time of contracting, as to make it manifest to him that if compensation in case of a breach on his part is accorded for actual loss it must be for a loss resulting from that special state of things which those circumstances portended."—1 Sutherland on Damages, p. 164-5 § 52.

In our own Court, the utmost limit which has been touched in the direction of holding the party, to a contract which has been broken, liable beyond the actual value of the article, is in the case of *Bell v. Reynolds,* 78 Ala. 511, in which a party selling guano, knowing that it was to be used in raising cotton, was held liable for the difference which the guano would have made in the crop. In that case the nature of the contract was such, that, after it had become known that the fertilizer was not furnished, it was too late to purchase other goods in the market, and the Court lays particular stress on the fact, that, as the party had worked side by side a strip of land with the fertilizer and one without it, it was capable of exact ascertainment what the result of using the fertilizer would have been.

[Kendrick v. Colyar.]

In the case now under consideration it was simply a sale of lumber, which is a common article of trade, and, while the plea alleges that lumber of the same quality and dimensions could not be gotten in Montgomery, yet that falls very far short of alleging that it could not have been procured in the market.

It was evidently only a part of the material which was being furnished to complete the manufacturing establishment. There was nothing in the contract or the surroundings to indicate that the parties had anything in mind further than an ordinary purchase of lumber.

We hold that the allegations of the plea do not show that the matters stated were "Within the contemplation" of the parties, and that the damages claimed are too remote. It follows that the demurrers to the pleas were properly sustained.

The judgment of the court is affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.