# Southern Railway Co. *v.* Moody.

### *Damage for Failure to Deliver Freight.*

(Decided Dec. 1, 1910.   53 South. 1016.)

1. *Carriers; Goods; Conversion; Delay.*—The carrier is not liable as for converting the goods unreasonably delayed, in the absence of demand for delivery and a refusal thereof while the goods are in its possession.

2. *Damages; Direct or Remote; Breach of Contract.*—Damages recoverable for breach of contract are those flowing naturally and directly from the breach, and special damages are recoverable only when contemplated by the parties, or when within the contemplation of the parties reasonably, at the time the contract was made.

3. *Same.*—A carrier is liable for deterioration in goods on account of unreasonable delay, but not for special damages not contemplated at the time of shipment. (In this case deterioration in eggs because of delay in shipment of material to be used in constructing packing boxes.)

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. L. Moody against the Southern Railway Company for damages for delay in delivery of

freight.  Judgment for defendant and plaintiff appeals.
Reversed and remanded.

LAWRENCE E. BROWN, for appellant.  The appellate
court will not examine into extrinsic facts to see wheth-
er or not from the evidence introduced the facts were
correctly found by the court.  In reviewing such judg-
ment the appellate court confines itself to determining
whether or not the facts found and set forth in the spe-
cial finding authorized the judgment rendered.—*Chan-
dler & Jones v. Crossland,* 126 Ala. 176.  This rule has
been changed by statute since the beginning of this
case.  Counsel then insist that the court's finding is not
warranted by the testimony and second, that in its find-
ing it failed to follow the correct rule of law as to the
measure of damages for the delay in delivering the ship-
ment.—*Williams v. A. C. L. R. R. Co.,* 48 So. 209; *Good-
in v. So. Ry.,* 125 Ga. 630; 6 Cyc. 442-444.

BILBRO & MOODY, for appellee.  No brief reached the
Reporter.

SIMPSON, J.—This action is by the appellee for
damages for failure, on the part of the appellant, a
common carrier, to deliver certain goods, to wit, certain
material for constructing shipping boxes for eggs.  The
facts are that the material in question was delivered to
the defendant, at Huntsville, Ala., on June 5, 1906, for
shipment to the plaintiff, at Scottsboro, Ala.; that on
the 11th day of June, the goods not having been deliv-
ered, the plaintiff brought this suit; that on the 12th
day of June the goods arrived and were tendered to the
plaintiff, but he refused to receive the same, as he had
already ordered by telephone and received, other mate-
rial and shipped his eggs.  There was a train each day

from Huntsville to Scottsboro, leaving at 10:35 a. m., and reaching Scottsboro at 2:50 p. m. Over the objection of the defendant, the plaintiff, while on the stand as a witness, was allowed to testify that "in June eggs will depreciate 20 per cent." The court, trying the case without a jury, made a special finding of the facts, and rendered a judgment against the defendant for $20.

The decisions of this court are clear to the effect that the damages recoverable for the breach of a contract must be those which flow directly and naturally from the breach, and that any special damages claimed must be shown to have been within the contemplation of the parties at the time of making the contract.—*Nichols v. Rasch,* 138 Ala. 372, 35 South. 409; *Ala. Chemical Co. v. Geiss,* 143 Ala. 591, 39 South. 255; *Southern Railway Co. v. Coleman,* 153 Ala. 266, 44 South. 837. Although the delivery of goods be delayed for an unreasonable time, the carrier cannot be charged for the conversion of the goods, unless demand has been made and refused while the goods are in its possession. Its only liability is for damages caused by the deterioration in value of the goods themselves during the time of delay.—2 Hutchinson on Carriers (3d Ed.) p. 717, § 651; 6 Cyc. 442, 444, 449. The Supreme Court of Florida has had occasion to consider a case very similar to the one now under consideration, where a carrier was sued for delay in delivering orange boxes, and damages were claimed on account of the shipper's not being able to pack and ship his oranges for the Christmas market; and that court held that, in order to hold the common carrier liable for such damages, the carrier should have been notified, at the time of shipment, of the peculiar facts and circumstances.—*Williams v. Atlantic Coast Line Railroad Co.,* 56 Fla. 735, 48 South. 209, 24 L. R. A. (N. S.) 134, 131 Am. St. Rep. 169. It follows that the court

erred in permitting proof of the deterioration in the eggs.

There was no claim in the complaint for special damages, and no proof of general damages. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.