# Southern Railway Co. *v.* Langley.

## *Delay in Delivery of Freight.*

(Decided November 12, 1913.    63 South. 545.)

1. *Carriers; Goods; Contract.*—In an action against a common carrier for delay in the transportation of goods, a shipping order not signed by the carrier or by any one purporting to be its agent, is not admissible to show the contract of shipment where the only proof of its authenticity is that it was sent to the consignee by the shipper.

2. *Same.*—Where the action was ex contractu against the carrier for delay in the shipment of goods, and the complaint declared on the express contract, the bill of lading evidencing the contract should

be introduced in evidence or accounted for, and its terms established, to warrant a recovery ; a mere receipt for the shipment is not admissible in evidence, and will not support recovery.

3. *Same; Damages.*—Loss of profits which plaintiff would have realized had the shipment been promptly delivered are special damages, and are recoverable only when specially pleaded.

4. *Same.*—Where a carrier negligently delayed the delivery of goods, its only liability is for damages caused by the deterioration in the value of the goods themselves during the delay, unless it be shown that the carrier was notified at the time of the shipment of the peculiar facts and circumstances surrounding the shipment so that it could contemplate the special damages which would result from its delay.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by W. W. Langley doing business as the Clanton Bottling Works, aaginst the Southern Railway Company, for damages for delay in shipment of goods. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals.

PETTUS, FULLER & LAPSLEY, for appellant. The bill of lading was not admissible in evidence as it was not identified.—115 Fed. 678. Unless defendant was informed of the particular circumstances, and the consequential damages which would flow from delay, the only damages recoverable was the deterioration of the goods themselves. In any event, the damages sought to be proven were special, and were not pleaded.—Sec. 5514, Code 1907; *King L. Co. v. Brown,* 61 South. 22; *Irby v. Wilde,* 44 South. 575; *Vest v. Speakman,* 44 South. 1017; *Powell v. Schimpf,* 44 South. 1044; *Ross v. Malone,* 97 Ala. 529; *So. Ry. v. Moody,* 53 South. 1016; *Dickerson v. Findley,* 48 South. 548, and numerous other cases.

G. O. MIDDLETON, for appellee. No brief reached the Reporter.

MAYFIELD, J.—Appellee sued appellant for delay in delivering a lot of empty bottles. The complaint was in Code form. See form 15, p. 1197, vol. 2, Code. The complaint was as follows: "W. W. Langley, Doing Business under the Name and Style of 'Clanton Bottling Works,' *Plaintiff v. Southern Railway Company,* a Body Corporate, Defendant. The plaintiff, W. W. Langley, doing business under the name and style of "Clanton Bottling Works,' claims of the defendant, the Southern Railway Company, a body corporate, doing business in Chilton county, state of Alabama, as a common carrier of passengers and freight for hire by means of a steam railroad, two hundred and fifty dollars, damages for the failure to deliver within a reasonable time certain goods, viz., twenty cases of empty bottles received by it as a common carrier, to be delivered to the plaintiff at Clanton, for a reward, which it failed to deliver within a reasonable time. J. Osmond Middleton, Attorney for Plaintiff."

The case was tried on the general issue and resulted in verdict and judgment for $75, from which judgment the defendant common carrier prosecutes this appeal.

There are 50 assignments of error, but only 2 or 3 of these are insisted upon. However, the questions raised by the argument will determine most all of the questions raised by the assignments not insisted upon.

The record shows two basic errors, which impel a reversal. The first is a failure to prove the contract of shipment as alleged, or even an implied contract of shipment, and its breach. There was no proof that the defendant (appellant here) ever received the goods as common carrier or ever agreed to ship or to deliver, as alleged. It is true that the plaintiff introduced in evidence what, on its face, purported to be a "shipping order"; but it was not signed by the defendant nor by any

one purporting to be its agent, and it showed on its
face that it was not the bill of lading or contract of
shipment. But this shipping order was not admissible
in evidence without proof that it was issued by the de-
fendant or its agents. The mere fact that it recited that
the goods were received by the defendant was not suf-
ficient. It may have been written by the shipper with-
out the knowledge or consent of the defendant. There
should have been proof that it was issued by the de-
fendant or its agents. The only proof on this subject
was that it was received by the plaintiff in a letter from
the shipper, a third party; but this was not sufficient
to authenticate it as a receipt by the carrier for the
goods for shipment. The record shows that it was of-
fered and received in evidence as a "bill of lading." This
was error. The paper writing shows on its face that it
is not a bill of lading but is merely a shipping order or
receipt for the goods which were to be shipped "as per
conditions of Southern Railway Company's bill of lad-
ing."

This bill of lading was the contract of shipment on
which the action was brought, and it should have been
proven or its absence accounted for. The shipping order
or receipt was not the bill of lading or contract of ship-
ment and did not purport to be such; and, this being
true, it could not, even if proven or authenticated
(which was not done or attempted to be done), have
supported this action, which was one in Code form on
a bill of lading. As before indicated, the bill of lad-
ing sued on was never offered in evidence, and its ab-
sence was never accounted for; neither was there any
attempt to prove its contents otherwise than by the in-
troduction of the paper in question, which, as above
stated, purported to be merely a shipping order or re-
ceipt and recited that there was a bill of lading or

contract of shipment. The plaintiff therefore wholly failed to prove the case as alleged.

We are not to be understood to say that plaintiff was compelled to prove any particular kind of bill of lading but merely that he was required to prove a contract of shipment to support his action, which was one ex contractu. If the action had been in tort, for the breach of a duty, then the receipt for the goods for shipment, signed by the common carrier, and proof of failure to promptly ship or deliver, might be sufficient to show the breach of duty alleged and therefore to support the action; but the action was not one ex delicto.

. .The second error referred to was in the court's allowing, over defendant's objection, proof of special damages. There was no claim for special damages; the claim was for general damages. Profits which the plaintiff would have realized from the business of his bottling works had the shipment been promptly delivered, but which were lost on account of the delay complained of, if recoverable damages in this action, would be special and not general damages and so should have been specially alleged.

As to the measure of damages for delay in shipping or delivering by carriers, the rules have been frequently stated by this court. The case of *Southern Ry. Co. v. Moody*, 169 Ala. 292, 53 South. 1016, was very much like this, and we there said: "The decisions of this court are clear to the effect that the damage recoverable for the breach of a contract must be those which flow directly and naturally from the breach, and that any special damages claimed must be shown to have been within the contemplation of the parties at the time of making the contract.—*Nichols v. Rasch*, 138 Ala. 372, 35 South. 409; *Alabama Chemical Co. v. Geiss*, 143 Ala. 591, 39 South. 255; *Southern Ry. Co. v. Coleman*, 153

Ala. 266, 44 South. 837. Although the delivery of goods be delayed for an unreasonable time, the carrier cannot be charged for the conversion of the goods, unless demand has been made and refused while the goods are in its possession. Its only liability is for damages caused by the deterioration in value of the goods themselves during the time of delay.—2 Hutchinson on Carriers (3d Ed.) p. 717, § 651; 6 Cyc. 442, 444, 449. The Supreme Court of Florida has had occasion to consider a case very similar to the one now under consideration, where a carrier was sued for delay in delivering orange boxes, and damages were claimed on account of the oranges freezing and on account of the shipper's not being able to pack and ship his oranges for the Christmas market; and that court held that, in order to hold the common carrier liable for such damages, the carrier should have been notified, at the time of shipment, of the peculiar facts and circumstances.—*Williams v. Atlantic Coast Line R. Co.*, 56 Fla. 735, 48 South. 209, 24 L. R. A. (N. S.) 134, 131 Am. St. Rep. 169. It follows that the court erred in permitting proof of the deterioration in the eggs. There is no claim in the complaint for special damages and no proof of general damages. The judgment of the court is reversed, and the case remanded."

For the errors noted, the judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, concur.