(92 South. 652)

## AMERICAN RY. EXPRESS CO. v. BAER.
### (3 Div. 562.)

(Supreme Court of Alabama. April 20, 1922.)

**1. Carriers ☞105(1)—Measure of damages for delay in transportation stated.**

The measure of damages for unreasonable delay in the transportation of goods intended for wearing apparel of the owner is the difference between market value at time delivery should have been made and the market value at time of actual delivery, unless the carrier had knowledge at time of shipment that the goods were intended for wearing apparel, in which case the measure of damages is the value of the use during the delay.

**2. Appeal and error ☞237(2)—Overruling of objection to testimony held not error where no ground for the objection was stated.**

No error can be predicated on the overruling of an objection to a question where no ground was given why the question should not be asked, where the question did not call for evidence obviously illegal and where no motion was made to exclude the answer.

**3. Trial ☞139(1)—Refusal of general affirmative charge held proper where there was evidence tending to support claim.**

The refusal to give the general charge for defendant was proper where there was evidence tending to prove plaintiff's claim.

**4. Carriers ☞99—Carrier liable for delay in delivery of fur stolen by an employé, and retained by federal officials as evidence.**

Where a fur delivered to a carrier for shipment was stolen while in transit by an employé of the carrier and later recovered by federal officials and retained by them as evidence in prosecuting the employé, the carrier was liable for the delay in delivery; hence there was no error in refusing an instruction that, if the fur was held by the federal officials, to be used as evidence in the case against the employé, the defendant would not be liable.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Mrs. Lucien Baer against the American Railway Express Company, for damages for delay in the delivery of goods. Judgment for the plaintiff in the sum of $175 and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The following charges were refused to the defendant:

(2) The court charges the jury that, if you believe from the evidence in this case that proper officials of the United States government took and held the fur piece in question as evidence to be used against a person who stole same on the trial of such person for such theft, the defendant would not be liable to plaintiff for the failure to deliver said fur during the period it was so held.

(3) The court charges the jury that the defendant, express company, is not, as a matter of law, liable to plaintiff for any damage sustained by her by reason of the fur in question being taken and held by proper officials of the United States government, if you believe from the evidence that said fur piece was so taken and held.

(4) The court charges the jury that the proper officials of the United States government had a legal right to take and hold the fur piece in question as evidence in a case pending in the United States District Court of New York, and further charges, if you believe from the evidence in this case that said fur piece was taken and held by such officers, for such purpose, the defendant, express company, would not be liable to plaintiff for the loss of the use of, or the decline in value of, such fur piece during the period the same was so held.

(6) The court charges the jury that, if you believe from the evidence in this case that, except for the time during which the fur piece in question was held by proper authorities of the United States government as evidence, defendant delivered the fur piece to the consignee within a reasonable time, and you further believe from the evidence that said fur piece was so held by authorities of the United States government, you must find for the defendant.

J. S. Parrish, of Montgomery, for appellant.

The place of delivery was New York, and hence the question as to depreciation should have been qualified as to that place. If, on the contrary, the proper measure of damages was the value of the use of the property during delay, then evidence as to depreciation was incompetent. 14 Ala. App. 175, 68 South. 720. Under the evidence the measure of damages is the value of the use of the property during delay, and not the difference in the market value during that time. Authority supra. Counsel discuss the refused charges, but without citation of authority.

T. E. Martin, of Montgomery, for appellee.

The court properly overruled defendant's objection to the testimony of Mr. Knox. 184 Ala. 524, 63 South. 545; 169 Ala. 292, 53 South. 1016; 145 Ala. 468, 39 South. 820, 117 Am. St. Rep. 58; 14 Ala. App. 175, 68 South. 720; 10 C. J. 307, 309; 6 Cyc. 442-449. The holding by the officials of the United States government of the article as evidence will not excuse the delay, where this was brought about by the negligence of the defendant. 83 Me. 236, 22 Atl. 159, 13 L. R. A. 33, 23 Am. St. Rep. 774; 63 Minn. 543, 65 N. W. 1080;

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

93 Misc. 797, 48 South. 962, 21 L. R. A. (N. S.) 731, 136 Am. St. Rep. 559, 17 Ann. Cas. 879. The court properly charged as to the measure of damages. Authorities supra.

MILLER, J. Mrs. Lucien Baer sues the American Railway Express Company, a corporation for damages for failure to deliver, for a reward, within a reasonable time, a sable scarf fur. A. Nachman, as agent of plaintiff, delivered it to the defendant on October 18, 1920, to be shipped by the express company to Gottlieb Bros., New York. On October 22, 1920, after its arrival in New York, the fur was stolen by an employé of the defendant. The authorities of the United States arrested the thief, secured from him the fur, kept it as evidence in the criminal case until January 19, 1921, when it was delivered to the defendant, and defendant on the same date delivered it to Gottlieb Bros. There was judgment for plaintiff, and the defendant appeals.

The undisputed evidence shows this fur belonged to the plaintiff, and had been used and was intended to. be used by her as wearing apparel; it was shipped to New York to have some small repairs made, and was to be returned to A. Nachman for plaintiff. There is no evidence indicating that defendant had any notice or knowledge of these facts at the time of shipment. It was repaired and returned to her.

[1] In L. & N. R. R. Co. v. Cheatwood, 14 Ala. App. 175, 68 South. 720, we find:

"Where the proximate result of the delay is the loss of the use of the goods and the carrier has notice or knowledge of facts that would apprise it that plaintiff would sustain loss in that particular, the measure of damages is the value of the use during the time of delay."

See, also, So. Ry. Co. v. Langley, 184 Ala. 524, 63 South. 545.

In 10 Corpus Juris, p. 312, § 449, headnotes 34, 35, we find this general rule:

"Where goods are not intended for the market * * * but if they consist of articles of clothing * * * which cannot properly be said to have any rental value, the measure of damages is ordinarily the reasonable value of the use of the property to the owner during the time of the delay."

A. Nachman testified he was a drygoods merchant in Montgomery; that he knew prices of furs—Russian sable furs like this one—between October, 1920, and January, 1921; that there was a depreciation in their value during that time. He was asked this question, over objection of defendant, to which exception was reserved:

"What would you say that depreciation amounted to, Mr. Nachman?"

The witness answered:

"The depreciation during that period amounted to not less than from 33⅓ to 50 per cent.; this particular Russian sable fur depreciated to that extent."

Section 445, p. 309, of 10 Corpus Juris, reads as follows:

"For unreasonable delay in the transportation of nearly all classes of goods the shipper is entitled to recover the difference between the market value of the goods at the time and place at which delivery should have been made and their market value when delivery was actually made. In the nature of things, such damage, it is said, is deemed to have been within the contemplation of the parties at the time the contract was made, as a probable consequence of an unreasonable delay."

There are well-known exceptions to this rule. One has already been stated in this opinion. 10 Corpus Juris, p. 312, § 449.

The question should have called for the difference in the market value of the fur at New York, the place of delivery, at the time it should have been delivered and the market value of it there when it was actually delivered, if the defendant had no notice at the time of shipment that it was intended for wearing apparel of the owner. L. & N. R. R. Co. v. Cheatwood, 14 Ala. App. 175, headnotes 4 and 5, 68 South. 720; So. Ry. Co. v. Langley, 184 Ala. 524, 63 South. 545, headnote 4; So. Ry. Co. v. Moody, 169 Ala. 292, headnote 3, 53 South. 1016.

[2] The objection to the question was general. No ground at all was given the court why the question should not be asked. The witness displayed knowledge of the value of furs, these kind of furs at that time: his testimony and the answer indicated their depreciation to that extent everywhere during that time; and the court will not be put in error for overruling the objection, as no ground was stated, and the question did not call for evidence obviously illegal, and no motion was made to exclude the answer. Williams v. Gallyon, 107 Ala. 439, 18 South. 162; Giddens v. Bolling, 92 Ala. 586, 9 South. 274; Brennon v. Vogt, 97 Ala. 647, 11 South. 893; Richards v. Bestor, 90 Ala. 352, 8 South. 30.

[3] There was evidence that the value of the fur was $400 or $450 when purchased. There is evidence which, if believed by the jury, would entitle the plaintiff to recover. The general charge for defendant, with hypothesis, was therefore properly refused by the court.

[4] The defendant requested the court to give written charges 2, 3, 4, and 6. The court refused to give each of these charges.

The defendant is responsible for the damages for the delay in delivering the fur which was caused by its negligence. L. & N. R. R. Co. v. Cheatwood, 14 Ala. App. 175, 68 South. 720, headnotes 7 and 8. The fur was stolen while in transit by an employé of defendant.

The employé was arrested by the federal authorities; the fur was found in his possession; the fur was retained by the officials as evidence against the employé of defendant on his trial for the offense. The defendant was guilty of negligence in permitting the fur to be stolen by its servant. The retention of the fur by the officials as evidence on the trial of the employé of defendant for the criminal offense was a delay in the delivery of the fur proximately caused by that negligence of defendant, and the defendant would be responsible for the damages, if any, for that delay in the delivery of the fur. Hence there was no error in refusing those written charges, and the court did not err in charging the jury orally as follows:

"It is admitted here that it was stolen from the express company, that it was stolen and then kept by the government as evidence in the case, the defendant's contention being here that he should now be excused for not delivering the fur for the reason that the government was holding it as evidence; but I charge you, as a matter of law, that you must not consider this holding of the fur by the government a defense for failure to deliver."

See So. Ry. Co. v. Langley, 184 Ala. 524, 63 South. 545; So. Ry. Co. v. Moody, 169 Ala. 292, 53 South. 1016; L. & N. R. R. Co. v. Cheatwood, 14 Ala. App. 175, 68 South. 720; Bennett v. Am. Ex. Co., 83 Me. 236, 22 Atl. 156, 13 L. R. A. 33, 23 Am. St. Rep. 774; Merriman v. Gr. North. Ex. Co., 63 Minn. 543, 65 N. W. 1080.

We find no error in the record, and the judgment is affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.