McKERALL & MURCHISON v. ATLANTIC COAST LINE R. R. CO.

1. CARRIER—FREIGHT.—Failure to deliver part of a shipment of freight is failure to deliver the whole, if the part not delivered is necessary to make the whole effective.

2. IBID.—IBID.—DAMAGES for negligent delay in transporting merchantable articles is the depreciation in the market value of the goods at the time and place they should have been delivered and the market value in the condition delivered at the time and place of delivery or tender with any reasonable loss or expense directly or proximately caused by such delay.

3. IBID.—IBID.—IBID.—NOTICE to carrier *after shipment*, that it was intended for a particular purpose and was required in a limited time is not such notice as would make the carrier liable for *special* damages for failure to promptly transport.

Before GAGE, J., Marion, May, 1906.    Reversed.

Action by McKerall & Murchison against Atlantic Coast Line R. R. Co. From Circuit order affirming judgment of Magistrate D. J. Oliver, defendant appeals.

*Messrs. Montgomery & Lide,* for appellant, cite: *Duty of carrier in transporting freight:* 7 Rich., 190; 5 Rich., 462: *As to measure of damages:* 6 Cyc., 499, 525; Moore on Car., 410; 75 S. C., 58: *As to special damages:* 71 S. C., 211, 82; 74 S. C., 286; 6 Cyc., 450.

*Mr. M. C. Woods,* contra, cites: *Carrier is liable for value:* 75 S. C., 58. *Nothing to show special damages were found:* 74 S. C., 89. *Statements of agent as to movement of freight are competent:* 37 S. C., 377; 58 S. C., 143; 67 S. C., 391.

March 19, 1907. The opinion of the Court was delivered by

Mr. JUSTICE JONES. The plaintiffs sued defendant company in a magistrate court for seventy-eight dollars damages alleged to have been sustained by reason of delay in the transportation of a gasoline engine and shafting, and recovered judgment for the full amount claimed, which was affirmed by the Circuit Court.

The testimony tended to show that the Pennsylvania Railroad Company, on October 5, 1905, issued a bill of lading at Bordentown, N. J., for one gasoline engine and one bundle of shafting, consigned to plaintiffs at Marion, S. C. Defendant's transfer clerk, at Columbia, S. C., received a shipment for plaintiffs on October 18th, and shipped same on October 20th, to Marion. The engine arrived at Marion on October 23d or 24th, and notice was given to plaintiff, and about three weeks or a month later the shafting arrived, and notice was given to plaintiff. It usually requires from ten to twelve days to transport freight from New Jersey to Columbia, S. C., and two days from Columbia to Marion.

On October 7th, 1905, plaintiff presented the bill of lading to defendant's agent at Marion and made inquiry as to the articles, and was informed that it would require about ten days for the shipment to arrive. Plaintiff testified that he told defendant's agent at Marion before the arrival

of the engine and shafting, that he wanted the engine and shafting for a boat right away and would have to order another outfit, which he did, the last ordered outfit arriving before or about the time of the first. The articles in question were delivered to plaintiffs in good condition and were placed in their store room packed up. Plaintiffs testified that the cash price of the goods was $78.15, that the articles were not in their line, were of no value to them, was a dead loss to them, that the shafting was worth $5.00, that no effort had been made to dispose of the goods, that the order was a special one for J. D. Murchison, one of the plaintiffs.

The first exception alleges error in affirming the refusal of the magistrate to instruct the jury that if defendant is not liable for delay in delivering the engine, but is liable for delay in delivering the shafting, that only damages for delay in delivering the shafting could be recovered. The Circuit Judge properly sustained the ruling of the magistrate, as the request to charge did not meet the view that the engine and shafting constituted a whole, and a failure to deliver a part is a failure to deliver the whole, if the part is necessary to make the whole effective.

The magistrate charged the jury that "the measure of damages is the difference in the value of the goods to plaintiffs when they should have arrived and when they did arrive—in other words, if the defendant has been negligent, what plaintiffs have lost owing to such negligence. Value of a thing is what one can get for it in the market, or what it may be worth to him otherwise if he does not care to sell it."

The Circuit Court sustained this charge, and the second exception alleges error, (1) in making the value of the goods to plaintiff only the standard of comparison, instead of the market value; (2) in that the market value of the goods cannot be disregarded because a party might not wish to sell.

The true measure of damages for negligent delay in the transportation of a merchantable article is the depreciation in the market value of the goods at the time and place they should have been delivered and the market value, according to their condition, at the time and place of actual delivery or tender, together with any reasonable loss or expenses directly or proximately caused by such delay. *Nettles* v. *R. R. Co.*, 7 Rich. Law, 190; 6 Cyc., 450, 525.

The charge was not in harmony with the above rule, as the mind of the jury was directed to the value of the goods to plaintiff and not the market value as the standard of comparison. The charge was harmful in view of the testimony that the goods were delivered in good condition, and there was no evidence to show any real depreciation in the market value of the articles and no effort was made to dispose of them. If there was no market for such articles in Marion, plaintiffs should have made reasonable effort to dispose of them in some other place, in which case all reasonable expense of transportation and sale would have been deducted from the price obtained. This does not conflict with *Turner* v. *So. Ry.*, 75 S. C., 58, in which the rule as to measure of damages for an entire loss of personal baggage is stated to be not necessarily the market value, but the value of such property for the use of the owner. The present case relates to delay in shipment of a commercial article. This practically disposes of the third exception also.

The Circuit Court held, further, that plaintiff's order "was a special order," for a boat outfit, "was an emergency order, and pending the arrival of the goods the plaintiff made a duplicate order and the goods last ordered arrived before the first ordered. When the goods first ordered did arrive the plaintiffs had no use for them; they were of no value." The appellant, by its fourth and fifth exceptions contend that the Circuit Court has thus allowed plaintiffs special damages in the absence of allegations or proof necessary to sustain special damages. The

rule as to special damages has recently been frequently announced to be that in order to recover such damages the plaintiff must allege and prove notice to the carrier of the special circumstances, *Milhous* v. *Atlantic Coast Line,* 75 S. C., 355, and cases there cited. The damages allowed in this case appear to have been based upon the special circumstance that when the goods arrived plaintiffs had no use for them in their business because of the fact that another boat outfit had been ordered and received, and, therefore, falls under the class of special damages. The rule requires that notice of the special circumstances must ordinarily be given the carrier at the time of the contract for transportation, in order to bring such damages within the contemplation of the parties.

There was no evidence of such notice in this case. "Subsequent notice, however, of the effect of the further delay after the goods should have been delivered may render the carrier liable for damages accruing after that time by reason of negligence in not tracing and finding the goods." 6 Cyc., 450, and cases cited. But plaintiffs' case is not based upon such negligence, and the agent at Marion testified that he did all he could to trace the goods. Hence these exceptions are sustained.

The last exception assigns error in sustaining the magistrate in permitting the witness, J. D. Murchison, to state over objection the expression of opinions of E. Boney, station agent for defendant, as to when the goods in question would arrive and as to when claim for damages should be filed. As this case does not involve any question as to the time when claim for damages should be filed, and as the witness, Boney, himself testified that it usually required ten or twelve days for arrival in Marion of a shipment from New Jersey, we do not consider that the exception raises any material question.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.