# Central of Georgia Railroad Co.
# v. Strickland-Metcalf Gro. Co.

*Failure to Deliver Goods.*

(Decided April 11, 1912.    58 South. 678.)

*Carriers; Connecting; Delay; Evidence; Pleading.*—Where the
action was against a connecting carrier for delay in delivering
freight, such carrier was entitled to prove, under a plea of the
general issue, that whatever delay there was was caused by the
initial carrier with which the contract of shipment was made, and
that there was no delay in transportation and delivery on defend-
ant's part.

APPEAL from Geneva County Court.

Heard before Hon. E. F. ELLSBERRY.

Action by the Strickland-Metcalf Grocery Company
against the Central of Georgia Railroad Company, for
damages for delay in delivery of freight. Judgment for
plaintiff and defendant appeals. Reversed and remanded.

BENJAMIN F. REID, for appellant.　Counsel insists that the action of the court was erroneous in not permitting plaintiff to file its plea.—*Jones v. Ritter,* 56 Ala. 270; *Woolsey v. R. R. Co.,* 28 Ala. 356. Counsel discuss other assignments of error, and insists that as the shipment originated in New York, Sec. 5548 of the Code had no application, and that the defendant should have been permitted to prove that the delay was occasioned by the initial carrier, and that hence, the present defendant was not liable therefor.

W. O. MULKEY, for appellee.　Counsel discuss the errors assigned, but without citation of authority.

WALKER, P. J.—The complaint claimed damages of the defendant (the appellant here) for its failure to deliver part of a shipment of nuts; the averment being, in substance, that the damages claimed were sustained by reason of the negligence of the defendant's employes in failing "to deliver said property in due time and in accordance with agreement." The defendant offered evidence tending to show that whatever delay there was in the carriage of the part of the shipment in question was by the initial carrier, with which the contract of shipment was made, and that there was no delay in transportation or delivery on the part of the defendant; but that it made delivery at the place of destination within a reasonable time after its receipt of the goods from the initial carrier. On objection interposed by the plaintiff, the court refused to permit this evidence to be introduced. This ruling seems to have been based on the notion that this evidence was not admissible under the plea of the general issue; the court having, for reasons not now necessary to be considered, refused to permit the defendant to file a special plea, which described the

circumstances of the shipment and averred the defendant's freedom from fault after the goods were delivered to it as the connecting carrier. We are of opinion that the evidence referred to was admissible under the defendant's plea of general issue. Its tendency was to disprove material allegations of the complaint. Evidence which negatives the charge made in the complaint does not need a special plea to support it.—*Petty v. Dill*, 53 Ala. 645; *American Oak Extract Co. v. Ryan*, 112 Ala. 337, 20 South. 644; *Ryan et al. v. Young*, 147 Ala. 660, 41 South. 954. It was material error to exclude the evidence above referred to.

Reversed and remanded.