# Louisville & Nashville R. R. Co. *v.* Cheatwood.

### Damage to Goods.

(Decided May 18, 1915.  68 South. 720.)

1. Carriers; Freight; Failure to Deliver; Evidence.—The court properly refused to give a charge directing a finding for the defendant on the cause of action predicated on a failure to deliver the goods, where the shipper testified that when the shipment was delivered to him some of the goods were missing, some caps and suits of clothes, worth a specific sum.

2. Same; Delay; Measure of Damages.—Where the suit was for damages for delay in delivering household goods and wearing apparel, the owner may not recover as damages the value of the use of the property, and also the interest on the value of the property during the delay.

3. Same.—Such a shipper may not recover damages for inconvenience and expense caused by the delay, except nominal damages, in the absence of any evidence on that subject.

4. Same.—The measure of damages for delay in delivering goods is ordinarily the diminution in the value of the goods between the time when they should have been delivered and the time when they were delivered, whether that difference is the result of a decline in the market, or of injury suffered by the goods in consequence of the delayed delivery, together with interest from the date the goods should have been delivered, less the freight, if unpaid.

5. Same.—Where the proximate result of the delay to deliver goods is the loss of the use thereof, and the carrier had notice of facts that would apprise it that the shipper would sustain loss in that particular, the measure of damages is the value of the use during delay.

6. Same; Liability of Terminal Carrier; Presumptions.—Where goods are delivered to the initial carrier in good condition, and are delivered by the terminal carrier in a damaged condition, the presumption is that they were

injured on the line of the terminal carrier, and such carrier has the burden of showing that the damage was not done on its line, or if done, that it occurred without a fault, or through the failure of the shipper to perform his contract.

7. **Same; Liability.**—A carrier is not an insurer against delay in transporting freight, and is only responsible for a delay occasioned by negligence.

8. **Same.**—A carrier delaying transportation of freight is presumptively guilty of negligence, and, to escape liability, must show that the delay did not result from its negligence.

9. **Same; Instruction.**—A charge that if the jury believed that the evidence was evenly balanced as to whether any damages occurred while the goods were in the possession of the carrier, they cannot award any damages is properly refused as a charge upon the weight of the evidence.

10. **Charge of Court; Weight of Evidence.**—A charge that if the jury believed that plaintiff had contradicted himself as to a material fact in his answer to defendant's interrogatories, and in his testimony, they may consider that fact in determining the weight to be given his evidence, was not abstract and was improperly refused.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by A. J. Cheatwood against the Louisville & Nashville Railroad Company for damages for failure to deliver, and for delay in delivering household goods. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following charges were refused to defendant: "(14) Defendant is not liable for any delay that happened while the plaintiff's goods were in defendant's possession, unless defendant was negligent in allowing such delay."

"(17) The last carrier is not liable for the delay to goods unless the delay occurred on its line, and unless the delay occurred through the fault of the last carrier.

"(18) If you believe that the evidence is evenly balanced as to whether any loss or damage occurred while plaintiff's goods were in possession of defendant, then you must award no damages for any such loss or damages."

"(16) If you believe from the evidence that plaintiff in this case has contradicted himself as to a material fact in his answer to defendant's interrogatories, and in his testimony on the witness stand, you may consider this fact in determining what weight you will give to plaintiff's testimony."

TILLMAN, BRADLEY & MORROW, T. A. MCFARLAND, and P. P. WALDROP, for appellant. HARSH, BEDDOW & FITTS, for appellee.

[Louisville & Nashville R. R. Co. v. Cheatwood.]

THOMAS, J.—The counts of the complaint upon which the case was tried were in Code form, and claimed of the appellant railroad company as a common carrier damages, respectively, for "a failure to deliver" a part of the goods of a certain shipment, for "a failure to deliver within a reasonable time" another part of the goods so shipped, and for "injury" to that part of the shipment that was delivered to plaintiff. The only plea was the general issue.

(1) The defendant requested a charge asserting that if the jury believed the evidence they could not find for plaintiff under count 3, which was the count that was predicated on a "failure to deliver." The plaintiff, as a witness for himself, testified that when the shipment was delivered to him some of the goods were missing. He said on this subject, among other things: "There were some of the goods missing—some caps for the little boys and a suit of clothes. The best of my recollection is they were worth $5."

The court, consequently, did not err in refusing the charge mentioned.

(2, 3) It appears that the shipment involved in the suit, which consisted of a box containing household goods and wearing apparel, was delivered by plaintiff as consignor to the Mississippi Railroad Company, the initial carrier, at Prentiss, Miss., consigned to plaintiff at Warrior, Ala., and that the route of shipment, after leaving the initial carrier, was via the New Orleans & North Eastern Railroad, the Alabama Great Southern Railroad, and the Louisville & Nashville Railroad, which latter was the terminal or delivering carrier, who alone is here sued; that the shipment was delivered to the initial carrier on December 9, 1911, and did not reach the terminal carrier until July 4, 1912, and was not delivered by the latter to the consignor, plaintiff, until October 18, 1912; that the box containing the shipment was in good condition when received by the terminal carrier on said July 4th, but that when it was delivered by them to plaintiff on October 18th, following, that the box had been broken and some of the articles therein, as before stated, were missing therefrom, while the remainder were in a damaged condition, having mildewed and been rat-eaten, so that, according to plaintiff's testimony, they were worth $75 less than when shipped. Plaintiff further testified, without objection, that the

reasonable value of the use of the goods during the time he was deprived of their use by the delay in delivering them was $10 per month. The jury returned a verdict for plaintiff, assessing his damages at $185.

We are of opinion that the verdict was excessive. Adding together the $75 which plaintiff testified was the diminution in value of the articles delivered, and $5, which plaintiff testified was the value of the articles lost, we have $80,, to which if we add $35, for the value of the use of the articles, which is $10 per month for the 3½ months that defendant delayed the delivery, that is, from July 4th to October 18, 1912, we have a grand total of $115, which is $70 less than the damages assessed by the jury. No other elements of damages were proved other than as stated, unless we add interest on the value of the shipment during the time of delay by defendant in delivering, but certainly plaintiff is not entitled to both the value of the use of the property and interest on its value; and, even if he were, that interest, which would amount to not exceeding $3, would not be sufficient to cover the deficiency between the damages assessed by the jury and the damages proved. Plaintiff also claimed damages for the inconvenience and expense to which he was put by the delay, but as he offered no data on this subject, he was entitled to only nominal damages, if any at all, for his inconvenience and expense.—6 Cyc. 452; *Southern Ry. Co. v. Webb,* 143 Ala. 304, 39 South. 262, 111 Am. St. Rep. 45, 5 Ann. Cas. 97.

(4, 5) Usually, the measure of damages recoverable in an action for delay in delivering goods is the diminution in the market value of the goods between the time when they ought to have been delivered and the time when they were in fact delivered, whether the difference in value was the result of a decline in the market or of injury suffered by the goods in consequence of a delayed delivery, together with the interest from the date they should have been delivered, less the amount of freight, if it is still unpaid.—5 Am. & Eng. Ency. Law (2d Ed.) 384; *Southern Ry. Co. v. Webb,* 143 Ala. 304, 39 South. 262, 111 Am. St. Rep. 45, 5 Ann. Cas. 97, 4 Ruling Case Law, 931, § 389; *Southern Ry. Co. v. Moody,* 169 Ala. 294, 53 South. 1016.

But under certain circumstances damages may be recovered as within the contemplation of the parties, though they are in excess of those which would ordinarily be considered the natural

and probable consequences of the default of the carrier. In all such cases the carrier must have had notice of the special circumstances which would likely give rise to the damages. "And this notice should be given when the goods are delivered for transportation. Subsequent notice, however, of the effect of further delay after the goods should have been delivered may render the carrier liable for damages accruing after that time by reason of his negligence in not tracing and finding the goods." —*Illinois Cent. R. Co. v. Brothers,* 12 Ala. App. 351, 67 South. 628; 6 Cyc. 450; authorities supra; *Southern Ry. Co. v. Lewis,* 165 Ala. 451, 51 South. 863.

Where the proximate result of the delay is the loss of the use of the goods and the carrier has notice or knowledge of facts that would apprise it that plaintiff would sustain loss in that particular, the measure of damages is the value of the use during the time of delay. Such has been held to be the ordinary damages where the goods consist of machinery ordered for use and not for resale, and in cases where a passenger sues the carrier for delay in delivering his baggage.—6 Cyc. 449; 5 Ruling Case Law, 223, § 833; *Illinois Cent. R. Co. v. Brothers, supra,* 67 South. 628, and authorities supra.

The defendant does not question but what the same rule obtains here, where the shipment consisted of household goods and wearing apparel, of which the carrier had notice and of the purposes for which plaintiff desired their prompt delivery —the use of himself and family for domestic and personal purposes at Warrior, Ala., to which place plaintiff and family had moved from Prentiss, Miss., where the goods were shipped. Consequently we have treated the reasonable value of their use during the time of the delay that was occasioned by defendant as recoverable damages.—*Illinois Cent. R. Co. v. Brothers, supra;* authorities supra.

(6) Where the delivering carrier is sued for injury to goods, the almost universal rule is that, in the absence of evidence locating the place of damage to goods in transit over several connecting lines, a presumption arises, where goods are delivered to the initial carrier in good condition and are delivered by the terminal carrier in a damaged condition, that they were injured on the line of the last carrier, and the burden of proof is on the terminal carrier, who is sued, to show that the damage was

not done on its line, or, if done, that it occurred without his fault, or through the failure of the shipper to perform his contract. —*Central of Ga. Ry. Co. v. Chicago Varnish Co.,* 169 Ala. 287, 53 South. 832; *L. & N. R. R. Co. v. Jones,* 100 Ala. 265, 14 South. 114; *Central of Ga. Ry. Co. v. Strickland,* 4 Ala. App. 372, 58 South. 678.

(7, 8) The same general principles of evidence apply to damages occasioned by undue delay in the delivery of shipments, although the carrier is not, as is contended, an insurer against delay in transporting, as he is against the loss of the goods transported, except when such loss results from the act of God, the public enemy, or the fault of the shipper. The carrier is only responsible, it is true, in cases of delay when that delay was occasioned by its negligence, and not when not so occasioned (6 Cyc. 442), but under the conditions as before stated, a presumption of negligence arises against the carrier also in cases of delay, and, if it (the carrier) would relieve itself of the presumption, it is incumbent upon it to prove that the delay resulted not from its negligence.—4 Ruling Case Law, 916, 917, § 372; 6 Cyc. 442.

In ignoring these principles, charges 14 and 17, refused to defendant, were properly refused, as they were calculated, in the form as requested and under the facts of this case, to mislead and confuse the jury as to the burden of proof.

(9) It has often been held that the trial court will not be put in error for refusing charges similar to charge numbered 18, refused to the defendant.—*Ala. Con. Coal & Iron Co. v. Heald,* 168 Ala. 649, 53 South. 162; *Southern Ry. Co. v. Weatherlow,* 164 Ala. 151, 51 South. 381; 2 Mayf. Dig. 570, § 15; *Collins v. State,* 138 Ala. 57, 34 South. 993; *Medley v. State,* 156 Ala. 78, 47 South. 218; *Green v. Southern Lumber Co.,* 163 Ala. 516, 50 South. 917.

(10) Our Supreme Court have frequently approved charges not materially different from charge numbered 16, refused to the defendant.—*Birmingham Railway, L. & P. Co. v. Glenn,* 179 Ala. 272, 273, 60 South. 111; *Hale v. State,* 122 Ala. 85, 26 South. 236; *Pitts v. State,* 140 Ala. 70, 37 South. 101; *Southern Cotton Oil Co. v. Walker,* 164 Ala. 33, 51 South. 169; *Birmingham Railway, L. & P. Co. v. Cockrum,* 179 Ala. 383, 60 South. 304; *Hammond v. State,* 147 Ala. 89, 90, 41 South. 761. The charge was not abstract in this case, as pointed out in appellant's brief, and

[Stith Coal Company v. Harris.]

the court erred in refusing it.—*Birmingham Railway, L. & P. Co. v. Wiggins,* 170 Ala. 544, 54 South. 189.

For the error of the court in refusing to set aside the verdict because excessive, and in refusing the charge mentioned, the judgment is reversed and the cause remanded.

Reversed and remanded.