113 N.J. Super. 148 (1971)
273 A.2d 359
PASSAIC VALLEY SEWERAGE COMMISSION, A PUBLIC CORPORATION, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
CITY OF PATERSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT AND CROSS-RESPONDENT, AND CITY OF NEWARK, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1970.
Decided January 21, 1971.
*149 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Joseph L. Conn, City Counsel, argued the cause for defendant-appellant and cross-respondent (Mr. William A. Feldman on the brief).
*150 Mr. James V. Segreto argued the cause for plaintiff-respondent and cross-appellant (Mr. Thomas E. Durkin, Jr., attorney).
Mr. William H. Walls, Corporation Counsel and attorney for City of Newark, intervenor-respondent, filed a statement in lieu of brief (Mr. Roger A. Lowenstein, Assistant Corporation Counsel, of counsel).
PER CURIAM.
The main issue here is whether the Passaic Valley Sewerage Commissioners have authority to assess their member municipalities for certain repairs and improvements to the disposal system.
Plaintiff Commissioners brought this action against a member municipality, the City of Paterson, for the latter's unpaid balance of the Commissioners' 1969 assessment representing the municipality's share of the cost of developing, maintaining and operating the sewerage system. Paterson appeals from the judgment ordering such payment, without interest, and from the dismissal of its counterclaim seeking a declaration as to whether the city has the legal authority to issue bonds for the purpose of paying such assessment. The Commissioners cross-appeal from the denial of interest on the judgment.
We affirm the judgment in favor of the Commissioners and the provision denying interest thereon essentially for the reasons expressed by Judge Joelson in his reported opinion at 107 N.J. Super. 436 (Law Div. 1969). As to the denial of interest, see also Consolidated Police & Firemen's Pension Fund Commission v. Passaic, 23 N.J. 645, 654 (1957).
We conclude that under the circumstances which now exist the dismissal of the city's counterclaim for a declaratory judgment as to whether it could issue bonds to finance the Commissioners' 1969 assessment should also be affirmed. At the trial the Commissioners took the position that they had no interest in the manner in which Paterson raised the money *151 to pay its assessment. Judge Joelson determined that there was no justiciable issue presented for resolution at that time because there was no adversary before the court. The Commissioners have not changed their position on appeal. However, we do not base our decision on this fact.
The Sewerage Commission established an escrow fund known as "Retainage for Repairs, Replacements and Improvements." For several years prior to 1969 plaintiff assessed its members annually as to their proportional share of responsibility to that Fund. Paterson paid the retainage assessment for the years 1962 through 1968 but refused to do so for 1969. This refusal was prompted by the Commissioners' requiring additional monies for modernization and repair of equipment. Paterson's outstanding share was some $240,000, later adjusted to $217,476.18. The city had paid the remainder of the assessment. Furthermore, as we were informed at oral argument, the City has already paid its 1970 assessment without protest. Only the $217,476.18 portion of the 1969 assessment is outstanding.
The general rule is that it rests in the sound discretion of the court whether or not declaratory relief should be afforded under the Declaratory Judgment Act (N.J.S.A. 2A:16-51). Untermann v. Untermann, 19 N.J. 507, 515 (1955). There are some matters of such public interest and importance which require a decision on the merits that it is desirable to seek an adversary  if one can be found. See, for example, New Jersey Highway Authority v. Sills, 109 N.J. Super. 424 (Ch. Div. 1970); see also Whelan v. New Jersey Power & Light Co., 45 N.J. 237 (1965). The city suggests that such is the case here. Were we convinced of the public need to resolve this issue, an amicus curiae could be appointed as was done in Whelan so as to create an adversary proceeding. However, we are satisfied that no such emergent situation now exists.
We observe that after the filing of the opinion below the Legislature amended the original statute under which the Commissioners were limited to the issuance of bonds in an *152 amount not exceeding ten million dollars for the purpose of raising funds to pay the cost of certain projects (N.J.S.A. 58:14-34.14). Under L. 1969, c. 235, the Commissioners are permitted to issue bonds in unlimited amounts to raise funds to pay for any projects "required by law." Counsel for the plaintiff advised us on oral argument that the Commissioners intend to issue bonds in substantial amounts to finance future capital improvements. As a result of this intervening legislation, the legal issue for which the declaratory judgment is sought is likely to become academic except as to the year 1969.
Since the public need for resolution of the issue has for practical purposes become academic, we perceive no reason to grant relief under the Declaratory Judgment Act.
Affirmed.