246 N.J. Super. 281 (1991)
587 A.2d 629
GEORGE H. SWATEK, INC., PLAINTIFF-RESPONDENT,
v.
NORTH STAR GRAPHICS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 23, 1991.
Decided February 14, 1991.
*282 Before Judges MICHELS and GRUCCIO.
Noto & Cuba, attorneys for appellant (Maria Del Gaizo Noto and Brenda A. Cuba, of counsel and on the brief).
Contant, Schuber, Scherby & Atkins, attorneys for respondent (Andrew T. Fede, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Defendant North Star Graphics, Inc. appeals from a judgment of the Law Division entered on a jury verdict awarding plaintiff George H. Swatek, Inc. $38,586.84 in damages together with $7,041.94 in interest and dismissing its counterclaim.
A brief summary of the facts giving rise to this appeal follows. In February 1986, defendant and plaintiff entered into a contract under which plaintiff was to supply defendant with shipping containers. Plaintiff delivered the first 10,000 containers and defendant paid for them without complaint. In April *283 1986, defendant requested that plaintiff recut the delivered containers so defendant could ship the containers by United Parcel Service. After recutting the containers, plaintiff delivered them, along with an additional quantity, to defendant. Defendant accepted and paid for these containers.
Defendant later learned that the containers did not meet United Parcel Service's strength standards. Eventually, plaintiff developed a protective cushion that enabled the containers to meet the specifications. In mid-April 1986, plaintiff and defendant agreed that plaintiff would supply defendant with approximately 32,000 cushions. Plaintiff testified that the parties did not set a delivery date, however, defendant believed that the cushions were to be shipped by April 28, 1986. Plaintiff started shipping the cushions in mid-May 1986 and continued shipping the cushions until early June 1986. Because the shipments arrived too late for defendant to meet its obligations with its customers, defendant shipped the containers by air using other packaging materials. Defendant refused to pay for the cushions.
Plaintiff instituted this action to recover damages for monies allegedly due under the contract. Defendant counterclaimed for breach of contract, negligent performance of the contract and fraud. Following a lengthy trial, the jury returned a verdict for plaintiff and the court entered judgment accordingly. This appeal followed.
Defendant first contends that the trial court erroneously directed a verdict in favor of plaintiff and therefore, a new trial is warranted. We disagree. We are satisfied from our study of the record and the arguments presented that the trial court properly enforced the parties' stipulation and framed the jury questions in light of that stipulation.
At the commencement of the trial, the parties agreed on the following stipulation as recounted by the trial court:
THE COURT: Okay. The attorneys have asked me to read a stipulation. They have made a stipulation or agreement. They agree the facts are rather than *284 having you prove the fact, it is stipulated by the parties that the Plaintiffs Swatek delivered to Defendants counterclaimant Northstar Graphics, Inc. and or to Browerman Die Cutting, a warehouse hired by Northstar Graphics, Inc., certain goods under invoices totalling $38,586.84. It is also agreed that said amount has not been paid. So, those are the facts in the case the parties agree on.
At the end of the case, plaintiff moved "for a directed verdict at least for the amount requested in the complaint." The trial court did not formally grant or deny this request but rather, stated:
THE COURT: The charge has, it's already been provided. The issue as far as plaintiff's case is concerned, the charge I proposed to make to the jury is not an issue issue, the 38,000 whatever dollars, is not an issue in the case. The only issue in the case is whether there should be a set off for the breach of contract alleged in the counterclaim, or if  or if it exceeds the amount of $38,000 whether there should be judgment in favor of defendant on the counterclaim.
The trial court thereupon framed the first two jury questions as follows:
1. Did defendant Swatek agree to manufacture and deliver the "corner" sets to defendant North Star Graphics, Inc. within a specified time?
Yes ____ No ____
2. If not, did plaintiff Swatek manufacture and deliver the "corner" sets within a reasonable time?
Yes ____ No ____
The jury answered "no" to the first question and "yes" to the second question.
Defendant's claim that the above amounted to a directed verdict in plaintiff's favor is clearly mistaken. Because of the parties' stipulation, the only question remaining was whether the parties agreed on a delivery date for the cushions. The trial court did not render a verdict in plaintiff's favor. Rather, the trial court properly molded the jury questions in accordance with the stipulation of the parties and the facts in the record. Certainly, this was the correct procedure to follow in this case.
We are satisfied that the trial court properly excluded evidence of defendant's air freight expenses, lost profits and injury to good will and reputation. It is perfectly clear that when the seller of goods breaches its contract with the buyer, the buyer can obtain the goods elsewhere and sue the seller for *285 the difference between the contract price and market price, N.J.S.A. 12A:2-712(2), or the buyer can elect to recover damages for non-delivery based on the difference between the market price at the time he learned of the breach and the contract price. N.J.S.A. 12A:2-713. In either case, the buyer can recover incidental and consequential damages. N.J.S.A. 12A:2-715, which allows recovery of these damages, provides:
Buyer's Incidental and Consequential Damages.
(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.
(2) Consequential damages resulting from the seller's breach include
(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
(b) injury to person or property proximately resulting from any breach of warranty.
Damages for lost profits and additional expenses "come within the category of consequential damages." Seaman v. United States Steel Corp., 166 N.J. Super. 467, 471, 400 A.2d 90 (App.Div.), certif. denied, 81 N.J. 282, 405 A.2d 826 (1979). Consequential damages are only recoverable where they "are reasonably foreseeable at the time the contract was entered into." T.M. Long Co., Inc. v. Jarrett, 165 N.J. Super. 117, 119, 397 A.2d 735 (Cty.D.Ct. 1979). See also Donovan v. Bachstadt, 91 N.J. 434, 444, 453 A.2d 160 (1982) (breaching party "is not chargeable for loss that he did not have reason to foresee as a probable result of the breach when the contract was made"). "[T]o impose liability the defendant must have had reason to foresee the injury at the time the contract was made, not at the time of the breach." Coyle v. Englander's, 199 N.J. Super. 212, 220, 488 A.2d 1083 (App.Div. 1985) (citing 5 Corbin, Contracts (§ 1008, at 73-74 (1964)). Plaintiff need only demonstrate, however, that the damage was of a type that a reasonable man would realize to be a probable result of his breach. *286 "Plaintiff need not establish that the defendant had reason to foresee the specific injury that occurred." Id.
In the instant case, defendant offered no evidence that the damages were reasonably foreseeable at the time the contract was made. Because the parties were unclear as to when the cushions were due, recovery of these claims is precluded. Plaintiff could only have foreseen that defendant would incur additional expenses, lose profits or jeopardize future business if it knew that defendant needed the cushions by a specific date. For whatever reason, the delivery date was not clear. As such, damages of the type sought here are not recoverable.
Defendant's reliance upon Rich v. Bongiovanni, 4 N.J. Super. 243, 66 A.2d 888 (App.Div. 1949) is misplaced. In that case, a jury awarded plaintiffs consequential damages because at the time of the contract, plaintiffs informed defendants that time was of the essence and delay would result in lost profits. Here, defendant did not apprise plaintiff of its urgent need for the cushions. Consequently, Judge Sween in the Law Division properly excluded evidence of defendant's consequential losses.
We are also satisfied that the trial court properly awarded prejudgment interest to plaintiff. Rule 4:42-11, in pertinent part, provides:
Except where provided by statute with respect to a public entity or employee, and except as otherwise provided by law, the court shall, in tort actions, including products liability actions, include in the judgment simple interest, calculated as hereafter provided, from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest. Prejudgment interest shall be calculated in the same amount and manner provided for by paragraph (a) of this rule except that for all periods prior to January 1, 1988 interest shall be calculated at 12% per annum. The contingent fee of an attorney shall not be computed on the interest so included in the judgment.
"While this rule addresses only tort judgments, it is clear that prejudgment interest may run on contract claims as well, not as a matter of right but rather in accordance with equitable principles." Pressler, Current N.J. Court Rules, Comment R. *287 4:42-11(b). See Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 478-79, 541 A.2d 1063 (1988).
Traditionally, prejudgment interest was awarded only in contract cases involving liquidated damages.
Historically, prejudgment interest has been awarded on liquidated damages, Meier v. New Jersey Life Ins. Co., 101 N.J. 597, 622 [503 A.2d 862] (1986); Bak-A-Lum Corp. v. Alcoa Building Prod., 69 N.J. 123, 131 [351 A.2d 349] (1976); Ellmex Const. Co., Inc. v. Republic Ins. Co., 202 N.J. Super. 195, 209 [494 A.2d 339] (App.Div. 1985), certif. den., 103 N.J. 453 [511 A.2d 639] (1986), but it was not awarded "where the damages [were] unliquidated and not capable of ascertainment by mere computation, or where a serious and substantial controversy exist[ed] as to the amount due under a contract." Jardine Estates v. Donna Brook Corp., 42 N.J. Super. 332, 341 [126 A.2d 372] (App.Div. 1956). See Rivers v. General Acc. Group, 192 N.J. Super. 355, 359 [470 A.2d 19] (App.Div. 1983); Passaic Val. Sewerage Com. v. City of Paterson, 107 N.J. Super. 436, 441 [258 A.2d 736] (Law Div. 1969), aff'd 113 N.J. Super. 148, 150 [273 A.2d 359] (App.Div. 1971). The rationale was that "the person who is liable for the debt does not know the sum he owes and cannot be in default until the amount he owes is determined by judgment." [Preston v. Claridge Hotel & Casino, Ltd., 231 N.J. Super. 81, 89, [555 A.2d 12] (App.Div. 1989)].
The decisions in Busik v. Levine, 63 N.J. 351, 307 A.2d 571, appeal dismissed, 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973)[1] and Ellmex Constr. Co., Inc. v. Republic Ins. Co., 202 N.J. Super. 195, 494 A.2d 339 (App.Div. 1985), certif. denied, 103 N.J. 453, 511 A.2d 639 (1986), however, removed the traditional distinctions between liquidated and unliquidated damage awards and authorized awards of prejudgment interest when unliquidated damages are recovered.
In Busik, the Supreme Court faced a challenge to R. 4:42-11(b). In holding the rule valid, the Court noted:
We mentioned earlier the judge-made limitation that interest should not be allowed if the claim was unliquidated. That limitation apparently rested upon the view that a defendant should not be deemed in default when the amount of his liability has not been adjudged. But interest is payable on a liquidated claim when liability itself is denied, even in good faith, Kamens v. Fortugno, 108 N.J. Super. 544, 552-553 [262 A.2d 11] (Ch.Div. 1970). The fact remains that in both situations the defendant has had the use, and the plaintiff has not, of moneys which the judgment finds was the damage plaintiff suffered. This is *288 true whether the contested liability is for a liquidated or for an unliquidated sum. For that reason, the concept of a "liquidated" sum has often been strained to find a basis for an award of interest. [Id. 63 N.J. at 358-59, 307 A.2d 571].
In Ellmex, the Court went a step further and specifically authorized awards of prejudgment interest when unliquidated contract damages are awarded. The Court explained that the
equitable purpose of an award of prejudgment interest is compensatory, "to indemnify the claimant for the loss of what the moneys due him would presumably have earned if the payment had not been delayed." Ibid. Whether the claim be liquidated or not is, under the Busik rationale, of no realistic importance. This is especially true where the question interfering with disposition of the claim is not the inability of the parties to agree upon the value of the claim but is rather an argument as to coverage. "The fact remains that in both situations the defendant has had the use, and the plaintiff has not, of moneys which the judgment finds was the damage plaintiff suffered." Id. [63 N.J. at 359 [307 A.2d 571]. In the circumstances here presented, the equities favor plaintiff and prejudgment interest should be awarded. We are not to be understood as holding that this will be true in every contest between insurer and insured. Where the contest is legitimately one as to the amount of damage sustained and the reasonable cost of repair, the equities indeed may favor the insurer. [Id. 202 N.J. Super. at 212-13, 494 A.2d 339.]
The rule emerging from Ellmex is that prejudgment interest can be awarded whether either liquidated or unliquidated damages are recovered and the equities are in the injured party's favor. See also Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. at 478, 541 A.2d 1063 ("the rule that limited prejudgment interest awards to cases where damages were liquidated or clearly ascertainable in advance has been significantly eroded"); Preston v. Claridge Hotel & Casino, Ltd., 231 N.J. Super. at 90, 555 A.2d 12 (prejudgment interest properly awarded on lost wages).
In challenging the trial court's decision to award prejudgment interest, defendant offers no authority in support of its claim nor does it demonstrate any abuse of discretion on the part of the trial court. Considering the circumstances of this case, particularly that almost two-and-one-half years elapsed between the filing of the complaint and the entry of judgment, the trial court properly exercised its discretion in awarding *289 prejudgment interest to plaintiff. We find no sound reason or justification to interfere with that decision.
Finally, we are satisfied that the other issues raised, specifically that the trial court's response to the jury's questions was so inadequate as to warrant a new trial and that the trial court improperly assumed an adversarial position towards defendant, are clearly without merit. R. 2:11(3)(e)(1)(E).
Accordingly, we affirm the judgment under review.
NOTES
[1] Following the decision in Busik, R. 4:42-11(b) was amended to permit the discretionary suspension of prejudgment interest in exceptional cases.