CITY OF PATERSON, CITY OF CLIFTON, CITY OF NEWARK AND CITY OF EAST ORANGE, ALL MUNICIPAL CORPORATIONS OF THE STATE OF NEW JERSEY, PLAINTIFFS–APPELLANTS, v. PASSAIC VALLEY SEWERAGE COMMISSIONERS, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY ET AL., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 15, 1980—Decided September 25, 1980.

Before Judges ALLCORN, KOLE and PRESSLER.

*Henry Ramer* argued the cause for appellants (*Salvatore Perillo*, attorney for the City of Newark; *Elliot Baumgart*, attorney for the City of East Orange; *Samuel Monchak*, attorney for the City of Clifton).

*James V. Segreto* argued the cause for respondents (*Segreto & Segreto*, attorneys).

PER CURIAM.

Plaintiffs, contracting municipal members of the Passaic Valley Sewerage District, brought this action in lieu of prerogative writs to compel the Commissioners (PVSC) to allocate to their respective accounts, by way of rebate or credit, their respective pro rata shares of a fund of approximately $1,400,000, representing the excess in PVSC's bond reserve fund. PVSC resisted plaintiffs' attempts to compel it to take this action on the grounds, among others, that it had elected to use this fund for the financing of necessary capital improvements and that its enjoys the statutory authority to exercise the discretion as to how the fund is to be used in the accomplishment of its statuto-

ry purposes and functions. The trial judge sustained PVSC's position by granting its motion for summary judgment, and plaintiffs appealed. We affirm.

The facts are not in dispute. PVSC's bonding resolution, which controls the creation and disposition of the bond reserve fund here in question, authorizes PVSC periodically to withdraw therefrom "any excess therein over the Bond Reserves Requirement" and provides further that once withdrawn, those amounts "shall constitute and be deemed to be System Revenues." The dispute between the parties here is, essentially, whether PVSC has the authority to use system revenues for capital purposes or whether such purposes are required to be financed exclusively by the bonding technique. The trial judge was satisfied that expenditures for capital improvements are statutorily authorized to be made out of system revenues. We agree.

PVSC was established and is governed by *N.J.S.A.* 58:14–1 *et seq.*, which derives from legislation first enacted in 1902 and which has been from time to time amended, particularly in respect of PVSC's financial structure. The enabling legislation, *N.J.S.A.* 58:14–34.11(i), defines the term "system revenues" as "the moneys paid or required to be paid by any contracting municipality ... to the Commissioners on account of the cost of maintenance, repair and operation of the sewerage system." Direct pro–rata charges to the contracting members for the cost of maintenance, repair and operation of the sewerage system are provided for by *N.J.S.A.* 58:14–15.

We have no doubt that the bonding resolution used the term "systems revenues" with the intention of incorporating therein its statutory denotation. Hence, once an excess sum in the bond reserve fund is withdrawn, PVSC may use it in the same manner as if that sum had been directly paid to PVSC by contracting members pursuant to *N.J.S.A.* 58:14–15. Thus, if the improvements here in question, an administration building and a vehicle maintenance building, costing a projected total of $2,646,000, could have been financed by PVSC by way of a direct

charge to the contracting members pursuant to *N.J.S.A.* 58:14–15 rather than by bonding, it necessarily follows that the bond reserve excess here may also be used for that purpose.

This question has been heretofore considered by this court in *Passaic Valley Sewerage Comm'rs v. Paterson*, 107 *N.J.Super.* 436 (Law Div. 1969), aff'd 113 *N.J.Super.* 148 (App.Div. 1971). It was there held that in view of the limitation on PVSC's bonding power imposed by the 1953 and then applicable version of *N.J.S.A.* 58:14–34.14, considerations of public policy and necessity dictated that *N.J.S.A.* 58:14–15 be construed to encompass expenditures of a capital nature. We recognize that *N.J.S.A.* 58:14–34.14 was amended both following the trial court opinion and our affirmance thereof in order to afford PVSC broad and flexible bonding powers. *L.*1969, *c.* 235; *L.*1971, *c.* 141. Plaintiffs therefore urge that in view of these amendments, we should decline to accord precedential value to *Passaic Valley Sewerage Comm'rs, supra*. We reject that argument, since it is bottomed on the premise that the effect of the amendments is to require every capital expenditure to be bonded, irrespective of whether or not PVSC has other and more economical financing methods available to it, irrespective of the financial magnitude of the capital project and irrespective of the condition of the bond market. We regard such a requirement as contrary to the public interest, unique in the law of public financing, and not statutorily mandated. We are satisfied that had the Legislature intended by its amendments of *N.J.S.A.* 58:14–34.14 either to reverse the holding of *Passaic Valley Sewerage Comm'rs, supra*, or to impose upon PVSC the exceptional and onerous procedure of bonding as the exclusive method for payment of capital expenses, it would have clearly so provided. The fact that it did not do so persuades us of the continued vitality of our prior holding. We have considered plaintiffs' other challenges to the judgment appealed from and we are satisfied that they are without merit.

Accordingly, the summary judgment is affirmed.